## No. 9626.

McPhee & McGinnity Co. et al. *v.* The Industrial Commission.

1. Industrial Commission—*Review of Proceedings.* Upon error to a judgment approving an order of the Commission the only question is whether there is credible and substantial evidence to sustain it.

2. *Claim for Hernia.* The courts must give effect to the special provisions of the act in respect to hernia. (Laws 1915, c. 179, Sec. 52).

The evidence examined and held not sufficient to entitle the workman to compensation.

*Error to Denver District Court, Hon. Charles C. Butler, Judge.*

*Department One.*

Mr. William E. Hutton and Mr. B. B. McCay, for plaintiffs in error.

Hon. Victor E. Keyes, Attorney General; Mr. John S. Fine, Assistant, and Mr. Walter E. Schwed, for defendants in error.

The defendant in error, Fell (hereinafter designated as "claimant"), was employed by the plaintiffs in error, Mc-

Phee and McGinnity, as a carpenter and engaged in fitting doors for cupboards. While so occupied he suffered a hernia. Both said parties were subject to the provisions of the Workmen's Compensation Act. Claimant filed his claim with The Industrial Commission, which, upon hearing, was allowed, the commission finding that while employed as above stated, "Claimant suffered an accidental strain which reslulted in an inguinal hernia; that said hernia did not exist prior to the date of the above mentioned injury; that it is of recent origin; that it was accompanied by pain, and that it was immediately preceded by a strain suffered in the course of claimant's employment," and made an award accordingly.

Such proceedings were thereafter had that the findings and award were duly reviewed in the District Court, which confirmed the award of the commission, and from that judgment this writ is prosecuted.

Mr. Justice Burke delivered the opinion of the court.

The only question for our consideration in this case is whether there is credible and substantial evidence to support the findings. Beyond that we will not go. *Industrial Commission v. Johnson,* 64 Colo. 461, 172 Pac. 422; *Passini v. Industrial Commission,* 64 Colo. 349, 171 Pac. 369; *Youngquist v. Industrial Commission,* 67 Colo. 187, 184 Pac. 381.

Section 78 of the Workmen's Compensation Act, Laws of 1915, page 566, provides for an action in the District Court to vacate, or modify, the findings or award of the commission "on the ground that the same is unlawful." Section 81 of the same act, page 558, provides that the court may set aside the order on the ground "that the commission acted without or in excess of its powers."

Claims for compensation under this act, based upon hernia, are governed by the special provision of section 52, page 544, Laws of 1915, which portion of that section reads as follows:

"A workman in order to be entitled to compensation for hernia *must clearly prove*: (1) That the hernia is of recent origin; (2) that its appearance was accompanied by pain; (3) that it was immediately preceded by some accidental strain suffered in the course of the employment, and (4) that it did not exist prior to the date of the alleged injury."

Plaintiffs in error contend that no one of these requirements has been met by the evidence, and that the findings and award of the commission are therefore unlawful, and to make such findings and award without the evidence required by that portion of section 52, above quoted, was "without or in excess" of the powers of the commission. If there is such total want of evidence this contention is correct.

It may be conceded, but is not decided, that in the absence of the above provisions of section 52, these findings and award of the commission could stand. Cases are cited by defendants in error where, upon similar evidence, similar findings have been sustained; but no such case is called to our attention where there were similar statutory provisions concerning the injury in question. The only evidence in this case is that of the claimant and the report of the examining physician. To these we turn in search of testimony that will support the findings.

1. Was the hernia of recent origin?

Claimant testifies that in 1909 he had a double hernia; that he could not tell how it occurred; that he suffered no pain; that it came upon him while he was engaged in the lightest kind of work; that he lost no work as a result of it; that he was operated on and theretfter wore a truss. With this very unsatisfactory evidence before the commission, it is impossible to say that the "recent origin" of the hernia was *clearly* proven.

2. Was the appearance of the hernia accompanied by pain?

Claimant testifies "All at once I felt a pain * * * when I would start to plane * · * * it would hurt,"

Q.  "You know it was about 3:30 p. m.?

A.  "It was about 3; it might have been earlier or later.

Q.  "That is when you started to feel it?

A.  "Yes, sir.

Q.  "But you might have had it an hour or so before?

A.  "Yes, or an hour afterwards.

Q.  "It, might have occurred a half hour before you noticed it?

A.  "It might have."

In our opinion this falls far short of clear proof that the appearance of the hernia was accompanied by pain.

3.  Was the appearance of the hernia immediately preceded by some accidental strain suffered in the employment?

On this subject claimant testifies:  While I was turning one of the doors in the vice I felt a pain above the groin; I was doing my regular work—no heavier than usual; I can not say that I had strained myself immediately preceding the injury; I did not slip or fall—nothing unusual happened; the hernia might have occurred half an hour before I noticed it.

On this subject the doctor's certificate states:  "It must be noticed that there is no direct history of any accident, such as lifting or straining.  It is probable that in this case the abdominal wall was weakened by more or less previous coughing" (claimant was afflicted with tuberculosis).  "It is *possible* that, with the above weakness, the hernia came on as a result of planing."

The foregoing, which is all the evidence on this subject, falls far short of clear proof, if in fact it constitutes any proof whatever, that the hernia "was immediately preceded by some accidental strain."

The Legislature has seen fit, in our Workmen's Compensation Act, to make hernia the subject of the special provisions and exceptions hereinbefore set out.  This court must give some effect to those exceptions.  To sustain the findings and award of the commission and the District

Court in the instant case would be to nullify them entirely and leave claims for injury due to hernia on an identical footing with all others, if not to prefer them. In fact, if the contentions of the defendant in error be upheld, it is only necessary, in case of such a claim, to produce evidence from which a reasonable inference may be drawn that the hernia appeared "in the course of the employment." It is impossible for this court to so nullify these exceptions, or read them out of the statute.

The judgment is therefore reversed and the cause remanded with directions to the District Court to enter judgment herein for the plaintiffs in error.

Garrigues, C. J., and Teller, J., concur.