## No. 10,732.

EMPLOYERS' MUTUAL INSURANCE CO., ET AL. *v.* INDUSTRIAL
COMMISSION, ET AL.

Decided November 5, 1923.

Proceeding under the workmen's compensation act.
Award to claimants.

### *Reversed.*

1. WORKMEN'S COMPENSATION—*Wages.* The fact that the employe,
   during a portion of the six months period immediately preced-
   ing his accident, worked under a contract of hire by a farmer
   cultivating beets and potatoes at a stipulated price per acre,
   did not justify a finding by the industrial commission that he
   was engaged in business for himself. Such compensation was
   wages.

2. WORDS AND PHRASES—*Wages.* Wages may be on the basis of so
   much per day or week, or on the basis of tonnage, or upon acre-
   age, or sugar content of beets, where the employment is to care
   for growing crops.

3. WORKMEN'S COMPENSATION—*Findings—Review.* An award of the
   industrial commission is so far like the verdict of a jury, that
   the courts should set it aside when there is no legal evidence
   to support the findings of fact upon which it is based, or where
   the evidence is so weak as not to amount to any evidence at all.

4. *Wages—Computation.* The average weekly wage of an em-
   ploye should be determined under the provisions of clause (b)
   § 4421, C. L. '21, where sufficient data is available, otherwise,
   under clause (c) of the same section.

*Error to the District Court of the City and County of
Denver, Hon. Francis E. Bouck, Judge.*

Mr. FRANK C. WEST, for plaintiffs in error.

Mr. RUSSELL W. FLEMING, Attorney General, Mr.
JOSEPH P. O'CONNELL, Assistant, Mr. J. C. DUNN, for de-
fendants in error.

*En banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

BY section 47 of the Workmen's Compensation Act, (C. L. 1921, § 4421), "The average weekly wage of the injured employe shall be taken as the basis upon which to compute benefits." "Wages" is defined to be "the money rate at which the services rendered are recompensed under the contract of hire in force at the time of the accident."

The average weekly wage is to be ascertained and determined as follows: Clause (b): The total amount earned by the injured or killed employe in the six months preceding the accident shall be computed, which sum shall be divided by twenty-six and the result thus ascertained shall be considered as the average weekly wage * * * for the purpose of computing the benefits provided by this act, except as hereinafter provided."

That is, the ordinary method of computation is that provided by clause (b). Clause (c), which comes within the exception, reads: "That in any case where the foregoing method of computing the average weekly wage of the employe by reason of the nature of the employment or the fact that the injured employe has not worked a sufficient length of time to enable his earnings to be fairly computed thereunder or has been ill or in business for himself or where for any other reason said methods will not fairly compute the average weekly wage, the commission may in each particular case compute the average weekly wage of said employe by taking the daily earnings at the time of the accident or compute it in such other manner and by such other method as will in the opinion of the commission, based upon the facts presented, fairly determine such employe's average weekly wage."

The Industrial Commission, in making the computation in this case, disregarded the method of (b) and made its award under (c). Upon a review in the district court, it was held that the commission had failed to hear and determine the issue raised in the cause, which was whether any facts and circumstances existed authorizing the com-

mission to disregard (b) and to proceed with the method prescribed by (c), and, because of such failure, the award was set aside and the commission was directed to hear and determine this issue, and state the facts and circumstances, if any, which authorized it to depart from the usual method.   Upon a remand, the commission, upon precisely the same undisputed evidence that was before it on the first hearing, made a supplemental award, which is a combination of recital, reasoning and opinion, but not containing the required specific findings of fact.   From this document it seems that the commission, because of the indefiniteness of the evidence, which afforded but little, if any, basis for the computation under clause (b), and because for a part of the six months' period preceding the accident the defendant was not working for wages, but was engaged in business for himself, it disregarded clause (b) and proceeded under clause (c) and determined that the decedent's average weekly wages exceeded $20.00, solely on the basis of his daily earnings at the time of the accident. Upon a second review the district court approved the supplemental award.

The undisputed and only evidence upon this subject is the testimony of claimants' witness Morales.   He testifies that, during a portion of the six months preceding the accident, he and the decedent were working under a contract of hire by a farmer in cultivating sugar beets and potatoes growing on the farmer's land.   The compensation was fixed at so much per acre, and the payments were divided equally between the two.   The total amount of the payments was stated.   Concerning this undisputed testimony the commission, in the supplemental award, said: "Prior to working for the respondent employer, decedent in co-partnership with one Pedro Morales had worked in the beet fields. * * * The work was performed under a contract, by the terms of which decedent and Morales received so much per acre for the cultivation of beets and potatoes during the growing season.   They were their own masters as to the method and time of performing the neces-

sary work required to cultivate the beets and potatoes. * * * During the same period, the decedent received a small profit out of some transactions regarding alfalfa."

The commission summed up its alleged finding as follows: "The Commission is of the opinion that where a person engages in farming under a contract whereby he brings a crop to a certain point of maturity for a fixed price per acre at his own expense and is his own master as to hours of employment and as to the method and quantity of work to be performed, that such a person is himself engaged in the business of farming and that any profit which he may receive from such contract, after paying the expenses of the enterprise, is not wages as defined by the Compensation Act, and that such person, to all intents and purposes, is in business for himself."

The commission has thus stated, if not the facts, or the findings based on evidence, the reason for its disregard of clause (b) and its observance of (c). Disregarding the failure to make specific findings of fact, and waiving the indefiniteness and insufficiency of the form of the supplemental award, and that the document is chiefly an opinion, it is wholly insufficient as an excuse for ignoring the ordinary method of computing the average weekly wage prescribed by (b), and resorting to the almost uncontrolled, indefinite and uncertain methods of clause (c). There is not a particle of evidence to sustain the supposed recital of facts. It will be observed that the justification, so far as it is such, for disregarding the usual method of computation, is that the decedent, during a greater part of the six months' period immediately preceding the accident, was not working for wages but was engaged in business for himself. There is not a particle of evidence upon which such finding can rest. Decedent's work in the beet fields was as a laborer for wages by the very definition of that term in the act. Wages may be on the basis of so much per day or week, or on the basis of tonnage, or upon acreage, or sugar content of beets. The compensation decedent received was for his services at so much per acre. It was

clearly wages under all standard definitions and under all recognized authority.   40 Cyc. 240.   There was no basis and no justification for departing from the method prescribed in clause (b).

This Court has decided in *Industrial Commission · v. Elkas,* 73 Colo. 475, 216 Pac. 521, that the award of an industrial commission is so far like the verdict of a jury that the courts may and should set it aside when there is no legal evidence to support the findings of fact upon which it is based, or where the evidence is so weak as not to amount to any evidence at all.   We say that there is not a syllable of evidence, or an inference from any evidence, that justifies the commission in its supposed finding that the decedent was engaged in business for himself instead of working for wages.   The commission has not based its findings upon the theory that the decedent had not worked a sufficient length of time to enable his earnings to be fairly computed under (b), or that he had been ill for a portion of the six months' period, nor has that body claimed, for any other reason than that the decedent was engaged in business of his own, that the method prescribed by clause (b) will not fairly compute the average weekly wage.   As there is no evidence whatever to support this basic finding as to the nature of the employment, the award resting thereon must be set aside.   The claimants are entitled to a fair award, but it must be made upon facts and not mere conjecture or false reasoning, or unwarranted conclusions of the commission that have no support in the evidence.

The judgment of the district court is, therefore, reversed, with instructions to set aside its approval judgment, and to remand the cause to the commission directing it to vacate its supplemental award, and to compute and make an award under clause (b) of section 47.   If the evidence now before it is insufficient to make an award thereunder, further evidence should be taken upon the subject of earnings.   If the entire evidence now in the record, or as added to on further hearing, does not cover

the full period of six months, the commission may, and should, also ascertain, in due manner, and take into consideration, in connection with such evidence, what would be a fair average weekly wage for work by an average man, of the nature performed by the decedent, and make the award accordingly.

Reversed and remanded.

MR. JUSTICE ALLEN not participating.