### No. 11,332.

FRINK DAIRY COMPANY, et al. *v.* INDUSTRIAL COM-
MISSION, et al.

Decided September 21, 1925.

Proceeding under the workmen's compensation act. Judgment for claimants.

*Affirmed.*

1. WORKMEN'S COMPENSATION—*Average Weekly Wage—Computation.*
In computing the average weekly wage of an employe, the industrial commission, if it does not follow the method prescribed by paragraph (b) of section 4421, C. L. '21, should state why, and find the facts which justify its course.

2. *Fact Findings.* In reviewing a workmen's compensation case, if the evidence is undisputed, the Supreme Court may consider the facts as established and proceed as if the commission had found them, although the formal findings of the commission are insufficient.

3.    *Average Weekly Wage—Computation.*    Evidence reviewed and held to justify a finding of an average weekly wage of $24 under clause (c) of section 4421, C. L. '21.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Messrs. DANA, BLOUNT & SILVERSTEIN, for plaintiffs in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. OTTO FRIEDRICKS, Assistant, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

PETER KIRBY was killed by accident while driving a milk wagon for plaintiff in error. The Industrial Commission awarded his widow and minor son $52.08 per month upon a finding of fact that his average weekly wage exceeded $24. The district court affirmed the award.

The plaintiff in error claims: (1) That under the evidence the amount was not justified; and (2) that the findings were not sufficiently specific. As to the second point it is urged that the commission ought to show whether it proceeded under paragraph (b) or (c) of section 47 of Workmen's Compensation Act (C. L. § 4421), and if (c), then to find the facts upon which it disregarded (b). See *Insurance Co. v. Industrial Com.,* 74 Colo. 201. It is plain, however, that they did not follow (b), because under that clause, under the evidence, it would be impossible to find that Kirby's weekly wage was $24. We think they ought to have stated why they did not follow it, and ought to have found the facts which they claim justify that course, and the district court or this court might rightly send the case back for such a finding; but, since the evidence is undisputed, we may and ought to consider the facts as established and proceed as if the commission had

found them. *Prouse v. Industrial Com.*, 69 Colo. 382, 194 Pac. 625.

Upon the first point, then, whether the evidence justifies the finding of an average wage of $24 per week. It appears that the decedent worked in Detroit for a dairy at approximately $50 per week, that he quit them in May, that he left Detroit with his wife and child in July, 1924, and went to Wyoming where he visited, thence to Denver, then back to Wyoming where he worked about two months for $180, then to Denver again, where he was employed by plaintiff in error from about October 31, to December 26, 1924, the date of his death. He was paid by plaintiff in error for 47 days' work on commission, $194.55, which would be at the rate of over $24 per week, as the commission found.

The dairy company insists that the award should have been made according to paragraph (b): $180 + $194.55 ÷ 26, = $14.40, but (c) qualifies (b) as follows: "That in any case where * * * by reason, etc., * * * or where for any other reason said methods will not fairly compute the average weekly wage," the commission may compute it "by taking the daily earnings at the time of the accident" or "in such other manner and by such other method as will in the opinion of the commission, based upon the facts presented, fairly determine such employe's average weekly wage."

We think the facts justify the resort to this clause. The evident purpose of the act is to give the dependents what they have lost. Roughly and in general that is about one-half the income of their supporter for the last six months, yet often that would not be so and for that reason we have the qualification in paragraph (c). The method of computation desired by plaintiff in error would not fairly represent the loss to the dependents and we do not think would satisfy the legislative intent.

Judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.