## No. 11,801.

INDUSTRIAL COMMISSION, ET AL. *v.* W. A. HOVER AND CO., ET AL.

· Decided September 19, 1927.

Proceeding under the workmen's compensation act. Judgment of the district court denying compensation.

### *Affirmed.*

1.  WORKMEN'S COMPENSATION—*Hernia.* No award can be made by the industrial commission for hernia without findings that its appearance was accompanied by pain, and that it was immediately preceded by some accidental strain suffered in the course of employment, which findings must be based upon competent evidence, under C. L. § 4454.

2.     *Commission Findings—Evidence.* Where there is no evidence to support an award, or where it is so weak as to amount to no evidence, it is the duty of courts to set aside findings and awards based thereon.

3.     *Hernia—Evidence.* In an action under the workmen's compensation act for compensation for hernia, evidence reviewed and held, that the proof required by statute to support such a claim is entirely lacking.

4.     *Hernia—Required Proof.* Neither courts nor commission have power to disregard the provisions of the statute as to the character and amount of proof required to sustain a claim for compensation for hernia.

5.     *Claim—Notice—Waiver.* A claimant seeking compensation for accidental injuries must file notice of his claim within six months after the injury, and the fact that the employer does not report the accident as required by commission rules does not waive the necessity of giving such notice.

*Error to the District Court of the City and County of Denver, Hon. Henley A. Calvert, Judge.*

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. JEAN S. BREITENSTEIN, Assistant, Mr. OTTO FRIEDRICHS, Assistant, for plaintiffs in error.

Mr. FRED W. VARNEY, for defendants in error.

*En Banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS is a writ of error to review a judgment of the Denver district court which set aside findings of the Industrial Commission, and its award of compensation based thereon, for a hernia alleged to have been sustained by the employee Huber in the course of his employment by Hover & Company, wholesale druggists. In the course of the proceedings before the commission there were several findings, original and supplemental, all of which

that bear on the injury were made on the testimony of claimant and may thus be summarized: That in the course of his employment the claimant on November 12, 1924, suffered a hernia whose appearance was preceded by accidental strain and accompanied by pain; that claimant reported the hernia to the employer on November 13, one day later, and the employer did not report the accident until June 26, 1926. Unless such findings, as to the injury itself, are made by the commission, no award in any event can be made to an employee under section 4454, C. L. 1921, reading: "An employe in order to be entitled to compensation for hernia must clearly prove; *first,* that its appearance was accompanied by pain; *second,* that it was immediately preceded by some accidental strain suffered in the course of the employment." In the Workmen's Compensation Act of 1915, § 52, there were two other conditions or requirements as to the proof, but they were omitted when the section was amended by our General Assembly in 1919 (S. L. 1919, p. 732, § 80), leaving the section as above quoted.

These are the respective contentions of the parties. The Industrial Commission and the claimant, plaintiffs in error, say that, supported by such findings of fact by the commission, the award cannot be interfered with by the courts. The defendants in error, the employer and insurance carrier, contend that the undisputed testimony of the claimant, and his testimony constitutes the only evidence before the commission, not merely is insufficient to prove hernia, but clearly and explicitly shows that the hernia was not proved as our statute requires. That no award could legally be made in this proceeding because section 84 of the Workmen's Compensation Act, as amended (S. L. 1923, p. 745, § 15), declares that the right to compensation and benefits under the act shall be barred unless within six months after the injury, not resulting in death, a notice claiming compensation shall be filed by or in behalf of the claimant with the commission, and since in this case the claimant did not file any

such notice for a period of about twenty months after his alleged injury, the statute operates as a bar to any relief. These in their order.

In our earlier decisions under the Workman's Compensation Act there are expressions in the opinions from which it might be inferred that all findings of fact by the Industrial Commission are conclusive upon the courts and are not subject to review by the latter. Later decisions, however, are that where there is no evidence at all to support an award, or where the evidence is so weak that it amounts to no evidence, it is the duty of the courts to set aside findings and awards of the commission based thereon. The first definite announcement of this doctrine, though there are earlier like intimations, is in *Industrial Commission v. Elkas*, 73 Colo. 475, 216 Pac. 521, followed in *Insurance Company v. Industrial Commission*, 74 Colo. 201, 219 Pac. 1078, and other cases. We have carefully read the statement of the claimant which he filed with the commission and his testimony and are compelled to say that proof of the alleged hernia as required by the foregoing statute is wholly lacking, not merely weak. Plaintiff's own statement and testimony expressly negative the finding of the commission that the hernia was preceded by accidental strain and accompanied by pain. In claimant's written statement filed with the commission and in the testimony which he gave before the referee, as certified by the commission, he says that on November 12, 1924, he went from one of the lower floors of the building in which he was working, to the fourth floor to get a case of bottles. He asked the man in charge of the bottle department for them and as they were on a high shelf the man asked claimant to help get them down, which he did. The box or case weighed about 150 pounds. As a rule when the claimant needed bottles the man from the bottle department brought them down to him, but this day claimant went up after them. An hour or so afterwards the claimant felt rather sick, and after he had quit work on that day

and had gone home, on the night of that day he discovered that he had a lump in his side and that there was a rupture. The next morning he went to a drug store and got a truss fitted, and on the same day told Mr. Jones, who seems to be the manager of the employer, about the matter. Claimant did not cease work at the store but kept on as usual until February, 1926, when he concluded that because of the inconvenience and pain resulting from wearing the truss he would have an operation for the hernia, which relieved him of the trouble. This operation was on May 4, 1926. He was away from the employer's store from May 1 until June 14, when he again started to work. He says explicitly that at the time he helped lift the box of bottles down he did not slip or become overbalanced or meet with any such sort of an accident. There is no material difference between the claimant's written statement and his testimony. He testifies that he did not leave work at the time of the accident and worked in the afternoon as usual, that on the following morning he told the manager that he had an accident the day before, that he got himself a brace and that he was all right. A physician told him that he could cure the hernia with a brace and it was given a trial for a series of months as set forth in the statement, when the operation was had. He further says that for the first two weeks after he resumed work in 1926 it was only for a half day's work at a time; that he did not lay off at all on account of the hernia until about May 2, 1926. He did not file with the commission notice of his claim for compensation within the period of six months from the time of the injury and not until July 1, 1926. The record also shows that the employer did not inform the commission of the injury until after the claimant had filed with the commission his claim and then did so within the statutory period thereafter.

No argument is required to demonstrate that the hernia was not proved. In *McPhee Co. v. Industrial Commis-*

*sion,* 67 Colo. 86, 185 Pac. 268—a case of hernia—we said that neither the courts nor the commission have power to disregard or ignore the provisions of this statute as to the kind of proof. The General Assembly has seen fit to prescribe the requirements of proof of hernia. The proof of accidental strain accompanied by pain is by the claimant's own testimony entirely absent. For that reason alone the district court's judgment must stand.

There is an additional and equally conclusive reason for its affirmance. The special statute of limitations which this act provides declares that the right to compensation and benefits provided by the act shall be barred unless there be filed by or in behalf of the claimant notice of his claim to compensation within six months after the injury, when death does not result therefrom. Death did not result in this case. The claimant admits, and the record shows, that he did not file his notice claiming compensation with the commission within six months after the day of the injury, which he says was November 12, 1924, and he did not file it until July 1, 1926, about one year and eight months after the injury. The only attempt of the claimant to escape the bar of the statute is the unwarranted assumption that it was waived by the failure of the employer to comply with another provision of our statute and rule 8 of the Industrial Commission, adopted in pursuance thereof, which requires that notice of contest, if any, by the employer shall be filed by him or the insurance carrier within fifteen days after notice of accident or claim, setting forth the several grounds of the contest. There are at least two reasons why this alleged waiver cannot be asserted. When the claimant on November 13, 1924, the day after the alleged accident, told the employer's manager thereof, he expressly stated that he was all right and continued at work, as he had up to the time of the injury, until about May 2, 1926, when he submitted to an operation. When claimant thus stated to his employer that he was all right

and thus continued for many months thereafter with the work and made no claim of compensation, the employer was not required to notify the commission of the injury or to file notice of contest for no such claim of compensation had been made. After claim of compensation was made and the employer notified thereof, it filed such notices with the commission within the time fixed by the statute and its rule passed in pursuance thereof. Under the undisputed facts there was no failure of the employer to comply with the statute and the rules of the commission.

Aside from the foregoing, the rule itself declares that if notice of contest is not filed as required, the only penalty for such failure is that the employer shall not be permitted to introduce any evidence. The employer and the insurance company here did not produce or offer to produce any testimony before the commission. The only evidence, as we have said, was the testimony of the claimant himself.

The findings and award of the Industrial Commission find no support whatever in the evidence. The district court so found and set them aside. Its judgment must be and is affirmed.