No. 12,282.

NEW JERSEY FIDELITY AND PLATE GLASS INSURANCE COMPANY, ET AL. *v.* RICHEY, ET AL.

Decided March 18, 1929.

Mr. L. Ward Bannister, Mr. Samuel M. January, Mr. Kenneth M. Wormwood, for plaintiffs in error.

Mr. Robert E. Winbourn, Attorney General, Mr. Arthur L. Olson, Assistant, Mr. Wayne C. Williams, for defendants in error.

*En Banc.*

Mr. Justice Campbell delivered the opinion of the court.

The Industrial Commission made an award, and a supplemental award, to Lida M. Richey as death benefits accruing to her as the widow of William C. Richey,

an employee of the defendant machinery company, whose death resulted from strangulated or acute hernia, resulting in pneumonia followed by death. The machinery company resorted to the district court for relief under our statutory provision so authorizing, and the district court approved and affirmed the award, which the company and the insurer ask us to set aside.

The first ground for relief here is that there is not sufficient competent evidence that Richey, the claimant's husband, sustained a hernia in such a manner as to entitle the widow to death benefits. Our statute provides that compensation for hernia shall not be given unless the employee proves, first, that its appearance was accompanied by pain; second, that it was immediately preceded by some accidental strain suffered in the course of the employment. Reliance by the defendants is placed on *Industrial Commission v. Hover,* 82 Colo. 335, 259 Pac. 509, and *McPhee & McGinnity Co. v. Industrial Commission,* 67 Colo. 86, 185 Pac. 268. They seek to distinguish *Central Surety & Ins. Corporation v. Industrial Commission,* 84 Colo. 481, 271 Pac. 617. The Industrial Commission found that the evidence was of the character and effect required by the statute. This court has often, in confirming awards of the Industrial Commission, declared that it will not interfere with the commission's finding if there is competent, probative evidence in its support. Only when the showing made is without probative force or effect, or is of such a character as not to constitute any legitimate evidence at all, will the commission's award be disturbed. We do not think the case is governed either by the Hover or the McPhee case, supra, but that the Central Surety case above mentioned is more nearly in point.

Richey, an employee of the defendant company, was engaged in superintending the operation of a coal crusher. Chunks of coal that were being carried on a conveyor became lodged and in such a case they do not feed properly into the crusher and it becomes necessary

for the workman in charge to dislodge them so that they may pass on down into the crusher. At the time of the alleged accident Richey was engaged in an attempt to dislodge these large chunks when, as a result of the heavy strain in lifting, he was injured or, as he expressed it to Mr. Graham, a fellow workman, at the time of the injury: "He hurt himself in there." The accident occurred on a Friday. Richey continued to work on that day and Saturday following and on the next day, Sunday, a physician was called to see him, who diagnosed the injury as strangulated or acute hernia, and afterwards Richey was taken to a hospital where he died, as claimant asserts, as the result of this injury. The accident it seems was not reported to the employer company, but we think this circumstance is not controlling because so soon thereafter Richey was taken to the hospital and an operation was performed and he thereafter died. Immediately after the accident Richey told Graham, a fellow employee, who came to his assistance, that he had hurt himself. One definition of the word "hurt" is: "Any bodily injury causing severe pain, or the pain itself." This remark of Richey of itself is evidence that immediately after he unsuccessfully tried to dislodge these chunks of coal he hurt himself, or, otherwise expressed, sustained a bodily injury which gave him pain. This testimony is sufficient compliance with the first provision of our statute above referred to. The testimony of Graham, who was observing Richey at the time that he was engaged in this work, is that these lumps of coal which Richey was attempting to dislodge, were heavy and difficult to lift and, indeed, beyond the physical capacity of Richey to dislodge. The second provision of the statute, therefore, was met by the proof. In other words, the evidence is sufficient to establish the fact that the employee Richey was injured and suffered accompanying pain as the result of an immediately preceding accidental strain in the course of his employment.

The second objection of the employer is that these awards are based entirely on hearsay testimony. We do not think so. The declaration of Richey, who was injured, made at the time of the accident to a fellow employee, is competent testimony. In *Armour & Company v. Industrial Commission,* 78 Colo. 569, 243 Pac. 546, we held that statements of this character at the time and place of the accident are held to be exceptions to the hearsay rule.

Another objection is that Mrs. Richey, the widow, has failed to prove that she was wholly or partially dependent upon the deceased for support as the Workmen's Compensation Act provides that she must be in order to be entitled to recover against the employer for injuries to an injured employee. The commission found from the evidence that the proof was sufficient and we cannot interfere with its finding. There is evidence in its support.

The objection upon which the defendants apparently chiefly rely is that the deceased Richey suffered from the strangulation of an old hernia which precludes the claimant from recovering death benefits in this case. Counsel concede that if an old hernia breaks down and that breaking down is accompanied by pain and was immediately preceded by some accidental strain suffered in the course of the employment, the case would be "compensable"; but they say that the case in hand is one of an old hernia which became strangulated and not a case of an old hernia breaking down. Counsel say that strangulation is simply the closing of the abdominal wall over the protruding intestine and is the natural result of a hernia, and they say that the strangulation here was not caused by the alleged accident. There is testimony of one or more of the physicians that this was the breaking down of an old hernia and the commission may have believed, and obviously did believe, this testimony and acted upon it. We have already said that it was accompanied by pain and was immediately preceded by an accidental strain suffered in the course of employment.

There are other reasons that might be given for affirming this judgment but we think the foregoing are sufficient. There was competent evidence of a probative character upon which the commission based its awards which are not claimed to be excessive in amount. Our decision in the Central Surety & Insurance Company case, supra, is the one most nearly in point and we think it authority for our conclusion here. The judgment of the district court is accordingly affirmed.