## No. 12,436.

### New Jersey Fidelity and Plate Glass Insurance Company et al. *v.* Patterson et al.

Decided December 23, 1929.   Rehearing denied January 27, 1930.

Mr. L. WARD BANNISTER, Mr. SAMUEL M. JANUARY, Mr. KENNETH M. WORMWOOD, Messrs. BLOUNT, SILVERSTEIN & ROSNER, for plaintiffs in error.

Mr. JOSEPH N. BAXTER, for defendants in error.

*En Banc.*

MR. JUSTICE ADAMS delivered the opinion of the court.

THIS is a workmen's compensation case, wherein the Industrial Commission of Colorado awarded compensation to Irvin E. Patterson for injuries sustained while in the employ of the Barnett Fuel Company. The employer and its insurer, New Jersey Fidelity and Plate Glass Insurance Company, appealed to the district court, the findings and awards of the commission were affirmed, and Barnett and the insurance company bring the case to this court on writ of error. When not otherwise designated, we shall refer to them as defendants and to Patterson as claimant.

The portions of the commission's findings and award that are necessary to be considered, omitting formal parts, are as follows:

"One K. S. Barnett was operating in the City and County of Denver, Colorado, on or about the 26th day of November, 1928, a general gas, oil and fuel business, under the names of the Barnett Fuel Company and the Barnett Gas & Oil Company; he was also interested in the Denver Auto Park, a corporation which consisted of himself, Mr. Harry Silverberg, and his brother. At this Denver Auto Park the said K. S. Barnett, operating under the name of the Barnett Fuel Company, maintained two gasoline pumps, which were served and tended by the attendants at said park; the said attendants were paid by the Denver Auto Park, a corporation. On the said date the claimant, Irvin E. Patterson, one of said attendants, was injured by the explosion of a pneumatic

auto jack which had been brought onto the premises by a third party against his wishes and without his request. By reason of this explosion he was compelled to leave work and has been, since such time, totally disabled.

"It is found as a fact, that said Irvin E. Patterson was, on November 26, 1928, an employe of the Barnett Fuel Company; that on said date he was injured in an accident arising out of and in the course of his employment, and left work the same date; and that he is still disabled. * * *,"

The briefs of defendants consolidate their assignments of error under two objections, first, that there is not sufficient competent evidence to support the findings and award that claimant "was the employe of K. S. Barnett, doing business as the Barnett Fuel Company," and second, that claimant "did not sustain an accident arising out of and in the scope of his employment."

█ 1. About four days after the accident, a first report of the accident was made to the Industrial Commission, pursuant to section 4404, C. L. 1921, of the Workmen's Compensation Act, which reads as follows: "Every employer shall keep a record of all injuries, fatal or otherwise, received by his employes in the course of their employment. Within ten days after the occurrence of an accident resulting in personal injury, a report thereof shall be made, in writing by the employer to the commission, upon forms prescribed by the commission for that purpose. Such report shall contain such information as shall be required by the commission."

Defendants seek to eliminate the report from consideration, on the ground that it is not legitimate evidence, which we shall now consider.

The report was made on a form prescribed by the commission, and used by the employer and insurer. It was made out by the employer, through its duly authorized manager, with "jurisdiction" to make accident reports, as testified by Barnett at the hearing before the commission. Before it was sent to the commission, the em-

ployer first sent it to the insurer, in accordance with the following instructions, printed on the beginning of the sheet: "Instructions—All accidents, no matter how trivial, must be reported immediately in triplicate. Mail reports direct to New Jersey Fidelity and Plate Glass Insurance Company, 804 Equitable Bldg., Denver, Colorado, who will transmit the necessary copies to the Industrial Commission."

Among other things, the report gave the employer's name as Barnett Fuel Company. Employe's name, Irvin Patterson. Occupation, when injured, attendant parking station. In answer to the printed question, "Did accident occur on employer's premises?" the answer was, "Yes." The report stated the nature of the accident, and contained further details as to the amount of wages, how long employed at such wages, and other necessary data, most of which was such that only an employer or employe would be ordinarily presumed to know.

The above report was transmitted to the commission by the attorney for the insurer, before the statutory ten-day limit had expired. It was sent, pursuant to law, for the information of the commission, and it is idle to say that it cannot be considered as evidence. In this case the report contained declarations against the interests of the employer and insured, which accounts for their desire to have it eliminated, but does not afford a ground for granting the request. We do not mean to say that such first report of an accident is always necessarily conclusive, but its weight as evidence was for the commission to determine.

2. Counsel for defendants further contend that such report cannot be considered because not offered in evidence before the commission. This objection is technical, and does not affect substantial rights. Formal introduction of the report in evidence, as might be required in a court of record, was unnecessary at the hearing before the commission. They had the report before them, and it takes on additional significance in connection with

the fact that it is a report required by law, placed in the hands of the commission by the parties who now say that it ought not to be given consideration.

The above first report, made as directed by section 4404, C. L. 1921, is one of the class of "documents and papers on file in the matter," which, by section 38 of the Workmen's Compensation Act, section 4362, C. L. 1921, is made a part of the judgment roll, when filed in the office of the clerk of the district court. Section 4413, C. L. 1921, declares that "A substantial compliance with the requirements of this act shall be sufficient to give effect to the orders or awards of the commission and they shall not be declared inoperative, illegal or void for any omission of a technical nature in respect thereto." And the following, taken from section 4479, C. L. 1921, also applies: "Upon the trial of any such action [in the district court] the court shall disregard any irregularity or error of the commission unless it be made affirmatively to appear that the party complaining was damaged thereby." All of these sections afford a complete answer to the objection that there was no formal introduction of the report in evidence.

3. Defendants' counsel emphasize a "notice of contest" by the insurer (not the employer), which notice was contained in a letter from the insurer's attorney to the commission, transmitted with the report. Among the grounds of contest on which the insurer expected to rely, as indicated by the letter, were, that claimant was not an employe of the Barnett Fuel Company at the time of the alleged accident, also that at that time he was in the employ of K. S. Barnett and Harry Silverberg, doing business as Denver Auto Park, and also that at that time he was not in the employ of anyone, but was in business for himself. These objections, contradictory in themselves, as well as opposed to the report with which they were enclosed, are hopeless. They gave no light on the affair. If we understood defendants' counsel correctly, they believe that this "notice of contest" served as an

antidote, as might be said, to the damaging admissions in the report. We cannot so regard it. Neither the employer nor the insurer brightened their prospects, to say the least, by one of them serving notice that it would attempt to impeach the other's statements, all contained in one envelope directed to the commission. It did not impeach the claimant. We do not mean to say that an employer and insurer may not sincerely differ on questions of fact, but they produced their own discordant notes, and the lack of harmony became more acute by its simultaneous utterance from their own throats. We are certain that the evidence was conflicting, and the usual rule in such cases must apply.

■ 4. Defendants' attorneys direct our attention to fractional parts of claimant's testimony, from which they argue that the latter admitted that his employer was not the one found by the commission. We do not so construe it, and we take the testimony as a whole. The most that can be reasonably inferred from it is that the employe may not have fully comprehended the technical relationship that existed between Barnett's personal business and his various companies, or those in which he was interested. This does not seem altogether strange, in view of the length of time that it took defendants to understand each other. They joined in the petition to review the findings, use the same briefs, and their views are now attuned to the key of their common defense, as they were at the hearing, but this was four and one-half months after they transmitted their first report of the accident to the commission. Barnett's relationship to his various enterprises may have been hard for even the commission to determine, but under the circumstances it was a question of fact, and the commission's findings are conclusive on us. Section 4382, C. L. 1921, defines the term "employer," and section 2, chapter 197, pages 743, 744, Session Laws 1927, amending section 4383, C. L. 1921, defines the term "employe," but it is unnecessary to quote these sections, or to enter into a discussion as to their meaning.

586

They were enacted before this cause arose, and defendants were charged with notice of them.

5. The second and final proposition of defendants' counsel is that under the evidence the claimant Patterson did not "sustain an accident" arising out of and in the scope of his employment. In *Taylor v. Saunders,* 71 Colo. 160, 161, 204 Pac. 608, we said: "Whether in any particular case an employe was acting within the scope of his employment, and was in fact an employe, is to be determined with a view to all of the surrounding circumstances. Every case will differ necessarily from every other case. 18 R. C. L. 580, sec. 86." If any one entertains a doubt as to their dissimilarity, one need but to enter upon an examination of the legions of cases under Workmen's Compensation Acts. Their facts defy comparison, although it is easy to find partial resemblances. One of the faint likenesses on which defendants rely is that the employe was merely satisfying his curiosity in watching the automobile jack demonstration. But other surrounding circumstances were that it was on his employer's premises, about twenty feet from the sidewalk, in a place where the employe had a right to be, at a place used for parking automobiles, where tires were sometimes changed, where gasoline was sold, at a time while the employe was resting in the interim of waiting on customers, and that the jack was brought on the premises by a third party, against the employe's wishes, and without his consent. If we should reverse the award, we should have to say under such circumstances, which may never occur again, that it is a fixed rule of law that such an accident or injury did not arise out of and in the course of claimant's employment. But the statute does not say it. It presents a question of fact, not a fixed rule of law, and we must accept the decision of the fact-finding body.

It has also sometimes been said that where the risk is one common to the general public, the employer cannot

be held, but under the facts related the risk was not one shared by the general public.

■ 6. In conclusion, we repeat our oft-expressed unwillingness to substitute our opinion on fact questions for that of the commission, expressly empowered by law to pass upon such matters. *Colo. Fuel & Iron Co. v. Industrial Commission,* 85 Colo. 237, 242, 275 Pac. 910. Each case must be determined on its own facts, and when these are in dispute, the findings of the commission are final. *Industrial Commission v. Hammond,* 77 Colo. 414, 419, 236 Pac. 1006; *New Jersey Fidelity and Plate Glass Co. v. Richey,* 85 Colo. 376, 378, 275 Pac. 937.

"Since there is evidence * * * direct and positive, and, by itself, quite sufficient, we cannot consider the evidence to the contrary." *Colo. Fuel & Iron Co. v. Industrial Commission, supra,* and cases there cited.

Judgment affirmed.

Mr. Justice Campbell not participating.