## No. 13,410.

EMPIRE ZINC COMPANY *v.* INDUSTRIAL COMMISSION ET AL.
(28 P. [2d] 337)

Decided December 22, 1933.

Mr. PAGE M. BRERETON, for plaintiff in error.

Mr. PAUL P. PROSSER, Attorney General, Mr. M. S. GINSBERG, Assistant, for defendants in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THIS is a workmen's compensation case. Plaintiff in error is hereinafter referred to as the company, defendant in error the Industrial Commission of Colorado as the commission, defendant in error Luisita M. Vasquez as Mrs. Vasquez, and her deceased son as Vasquez.

Vasquez met his death while in the employ of the company. Claiming that death was due to an accident arising out of and in the course of said employment, Mrs. Vasquez filed with the commission her claim for compensation and had an award. The company sought a review in the district court. On that review the award was confirmed. To the judgment so entered the company prosecutes this writ.

The twelve assignments set up, inter alia, that the evidence was insufficient to support the award; that the commission acted without and in excess of its powers; and that "all competent evidence submitted establishes without contradiction that the deceased was not injured in an accident arising out of or in the course of employment." These contentions, considered in the light of the argument, amount to but one, i. e., there was no evidence to support the finding of the commission that the accident in question arose out of and in the course of Vasquez' employment. That is the sole material question presented.

The accident occurred July 27, 1928. Vasquez died the next day. Under date of July 30 following, the company filed a report on a form supplied by the commission which contains the following direction: "Describe fully how accident occurred and what employee was doing at that time." In response thereto the company stated: "Loading rock at a chute, had car under chute, then storage battery locomotive and then another empty car in order named. Had filled front car. Vasquez standing on chute side turned on motor to move empty car in front of chute. He was watching motor and empty car caught him and crushed him between chute and car. Car and motor went on by him and he dropped on track behind car. Medina the only witness stopped the motor."

The state mine inspector filed his report August 5, 1928. Therein he stated: "Vasquez was helping to load cars from a chute. A storage battery motor was in use

for hauling the cars from the chute to the dump. Vasquez was trying to spot a car under the chute. A tunnel car was in front of the motor and one behind it. In other words, the motor was between two cars and was coupled. Vasquez was handling the electric control with his left hand and was standing on the inside of the track next to the chute. He evidently overlooked the fact that a car was behind him in his effort to spot the head car under the chute. He kept working the control until the car behind caught his back and crushed him against the side of the chute. He lost hold of the electric control when he was caught by the car and the trip passed him, ran by the chute and was stopped by a witness to the accident. Vasquez lived about twenty-four hours after the accident. Death was caused by internal hemorrhage.''

June 18, 1929, the company notified the commission that it had paid the funeral benefits. Section 2, p. 753, S. L. 1923, requires the employer to give written notice, within fifteen days of the accident, that he admits or denies liability. The company gave no such notice. One Medina, mentioned in the company's report, supra, was the only eye witness. His testimony conflicts with that report.

. ██ ██ That the company report, the conduct of the company, and the report of the mine inspector, were proper evidence in the hearing before the commission seems clear. That these supported a finding that the accident arose out of and in the course of the employment, notwithstanding the testimony of Medina, and that we are without power to interfere therewith, are equally clear. *New Jersey Co. v. Patterson*, 86 Colo. 580, 284 Pac. 334; S. L. 1923, p. 754, c. 203, §3.

The judgment is affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE HOLLAND concur.