No. 14,685.

Spirakoff et al. *v.* Pluto Coal Mining Company et al.
(100 P. [2d] 154)

Decided February 19, 1940.   Rehearing Denied March 11, 1940.

Mr. BYRON G. ROGERS, Attorney General, Mr. FRANK A. BRUNO, Assistant, for plaintiffs in error.

Messrs. HAWKINS & HAWKINS, for defendants in error.

*En Banc.*

MR. JUSTICE YOUNG delivered the opinion of the court.

THE Pluto Coal Mining Company and the Employers Mutual Insurance Company, its compensation insurance carrier, instituted an action in the district court to set aside an award of the Industrial Commission allowing compensation to claimant, an employee of the Pluto company. Plaintiff prevailed, and to reverse the judgment entered accordingly, the commission and claimant bring the case here for review by writ of error.

Claimant at the time he was employed by the coal company was examined by the company's physician, who discovered that he was afflicted with a small indirect hernia on the left side. The physician reported this fact to the coal company and to claimant with the statement that it was non-disabling. Under these circumstances claimant was employed as a coal miner and thereafter worked in such capacity for the company from October to March, a total of 101 days. While performing work in the course of his employment he slipped and fell and immediately experienced pain. He reported these facts to his employer's foreman, ceased work, and went to see the company doctor who sent him home. Shortly thereafter the doctor examined him, found his hernia strangulated, and sent him to the hospital where an operation was performed that evening.

The sole question for determination is whether claimant's disability, resulting from strangulation of an

existing hernia, under the circumstances set forth, is compensable. Claimant and the commission contend that the strangulation of a pre-existing hernia is an aggravation of a pre-existing diseased or abnormal condition and, if the result of an accident arising out of and in the course of the employment, is compensable. The employer and insurance carrier concede that such is the law with respect to the aggravation of other diseased or abnormal conditions, but under the special provisions of the compensation law with respect to hernia they deny that the strangulation of an existing hernia is within the admitted general rule.

Amended section 80 of the Workmen's Compensation Act of Colorado ('35 C. S. A., c. 97, §359) is as follows:

"An employee in order to be entitled to compensation for hernia must clearly prove: first, that its appearance was accompanied by pain; second, that it was immediately preceded by some accidental strain suffered in the course of the employment. If an employee, after establishing his right to compensation for hernia as above provided, elects to be and is operated upon therefor within a reasonable time as fixed by the commission, he shall be entitled to medical, surgical, nursing and hospital treatment and supplies and apparatus as in this article provided irrespective of the time limit therefore fixed. In case the employee does not elect to be so operated upon and the hernia becomes strangulated after the date fixed by the commission for said operation the results from said strangulation will not be compensated."

In *Central Surety and Insurance Corporation v. Industrial Commission,* 84 Colo. 481, 271 Pac. 617, speaking with reference to section 80, supra, we said: "Courts must give effect to that provision, just as they must give effect to the other provisions of the statute; there is no reason, however, for singling out this particular provision and giving to it, and to it alone, a strict, narrow construction. The Workmen's Compensation Act is high-

ly remedial, beneficent in purpose, and should be given a liberal construction so as to accomplish the evident intent and purpose of the act."

The precise point presented by the instant litigation has not been involved in any case heretofore before us for consideration. In *New Jersey Fidelity and Plate Glass Insurance Company v. Richey,* 85 Colo. 376, 275 Pac. 937, the contention was made that the deceased suffered from the strangulation of an old hernia and that this precluded claimant from recovering death benefits. While the contention there made was identical with that in the instant case the court did not pass upon the point as is evidenced by the following language: "The objection upon which the defendants apparently chiefly rely is that the deceased Richey suffered from the strangulation of an old hernia which precludes the claimant from recovering death benefits in this case. Counsel concede that if an old hernia breaks down and that breaking down is accompanied by pain and was immediately preceded by some accidental strain suffered in the course of the employment, the case would be 'compensable'; but they say that the case in hand is one of an old hernia which became strangulated and not a case of an old hernia breaking down. Counsel say that strangulation is simply the closing of the abdominal wall over the protruding intestine and is the natural result of a hernia, and they say that the strangulation here was not caused by the alleged accident. There is testimony of one or more of the physicians that this was the breaking down of an old hernia and the commission may have believed, and obviously did believe, this testimony and acted upon it. We have already said that it was accompanied by pain and was immediately preceded by an accidental strain suffered in the course of employment."

Numerous cases involving the right to recover for hernia strangulation are cited from other jurisdictions, but they arose under statutes different from ours or in states where the compensation act contains no special

provision with respect to hernia. For that reason those cases are not particularly helpful in construing our own statute and, with the exception of *Jordan v. State Compensation Commissioner,* 120 W. Va. 142, 197 S. E. 20, we shall not refer directly to them. This case is more nearly analogous to the one here under consideration than any other cited. The statute there involved is as follows: "In all claims for compensation for hernia resulting from personal injury received in the course of and resulting from the employee's employment, it must be definitely proven to the satisfaction of the commissioner: First, that there was an injury resulting in hernia; second, that the hernia appeared suddenly; third, that it was accompanied by pain; fourth, that the hernia immediately followed an injury; fifth, that the hernia did not exist prior to the injury for which compensation is claimed." It will be observed that the statute requires proof that the hernia did not exist "prior to the injury for which compensation is claimed." Our Workmen's Compensation Act on the question of hernia as originally enacted contained a similar provision which in the course of various amendments has been eliminated. The original act, section 52, chapter 179, S. L. 1915, in so far as applicable was as follows: "A workman in order to be entitled to compensation for hernia must clearly prove: (1) That the hernia is of recent origin, (2) that its appearance was accompanied by pain, (3) that it was immediately preceded by some accidental strain suffered in the course of the employment, and (4) that it did not exist prior to the date of the alleged injury." No reason occurs to us why the provisions that a hernia must be shown to be of recent origin and not to have existed prior to the alleged injury should have been dropped from our statute when it was amended without otherwise changing it, unless the general assembly intended thereby to indicate that there might be some cases in which compensation would be proper even where a her-

nia was not of recent origin and where it was in existence at the time of the alleged accidental injury.

The employer and insurance carrier rely strongly on the cases of *McPhee & McGinnity Co. v. Industrial Commission,* 67 Colo. 86, 185 Pac. 268, and *Industrial Commission v. W. A. Hover & Co.,* 82 Colo. 335, 259 Pac. 509, as placing hernia cases in a class by themselves. We think this is true, but only as to the character of proof required to establish the conditions under which the hernia must appear to be compensable. In the instant case no issue as to the amount or character of the proof required to establish compensable hernia is involved. The facts are not in dispute.

Claimant had a hernia that had already appeared when he entered upon his employment. Section 80, by fixing the conditions under which a hernia must appear to constitute a compensable injury, implies that there are conditions under which a hernia may appear and not constitute a compensable injury. To be compensable the hernia must manifest itself under the specific conditions. Section 80, with one exception hereinafter noted, purports to apply only to those cases of disability resulting from the appearance or manifestation of a hernia accompanied by pain and preceded by strain with or without a complicating strangulation; and not with those cases in which the hernia has already appeared or manifested itself and is existing without a complicating strangulation, and some subsequent accident brings into existence a condition that concurring with the existing hernia causes a strangulation. A hernia as defined in *Central Surety and Insurance Company v. Industrial Commission, supra,* is: "A protrusion of any viscous or tissue through an abnormal opening in the cavity in which it is normally confined." A hernia is strangulated when the tissue so protruding is constricted to the point where there is a material interference with circulation. A hernia may or may not have come into existence under such conditions as to entitle the one afflicted with it

to compensation. If it did, and the employee has not elected to have an operation at the employer's expense, which the statute says he may have, he may not thereafter receive compensation for the results of a strangulation occurring subsequent to the date fixed by the commission for such an operation. It is to be observed that this expressly excepted condition of strangulation for which no compensation may be had applies only to those employees who have established their rights to compensation for hernia by clear proof of its appearance under the specified conditions. Section 80 does not expressly negative the right to recover for a strangulation resulting from accident in the course of employment in cases where a hernia existed before but had not appeared under conditions such as to make it a compensable injury. Unless it does so by necessary implication there is nothing to take such a case out of the general rule.

Bearing in mind the rule adopted in this jurisdiction requiring a liberal construction of the compensation act, including the section here involved, we think it is neither necessary nor proper to read into the statute an implied exception to, or qualification of, the general rule that an aggravation of a pre-existing abnormal or diseased condition may be the basis for an award of compensation. It is a fair deduction that the statute assumes that a hernia which has not theretofore manifested itself may be caused to appear by a strain. Human beings constantly are exposed to strains from slips, falls and sudden wrenches, not only while employed but also in their leisure hours when not asleep. It is a further reasonable deduction from the statute that one may have a hernia, as the evidence shows claimant here did have, and be ignorant of its existence and for a long period not be inconvenienced by it in the least. The record, in addition to claimant's testimony that he never knew he had a hernia, discloses that he worked as a miner for the employer in this case from October to March with-

out any inconvenience from it. The record further shows, as before stated, that the physician who examined him before he was employed reported that the hernia was not disabling. It is further a reasonable deduction and assumption from the statute that the appearance of a hernia is not always accompanied by pain; otherwise there is no occasion to say it must be so accompanied as one of the conditions to its being compensable. In the light of such a situation it is a sound and reasonable provision of the law, in order to prevent one from recovering for a hernia not caused by an accident arising out of his employment, that claimant be required to establish by clear proof a condition in the course of his employment adequate to cause a hernia to appear, namely, a strain and a further condition that might reasonably be expected to follow such a traumatic result as the appearance of a hernia, namely, pain, so that there might be no question that such cause was not only adequate to produce a hernia but also operated to do so.

There occurs to us no sound theoretical reason why one who sustains a hernia from an accidental strain, whether accompanied by pain or not, if as the proximate result thereof it becomes disabling, should be prohibited, under the humanitarian intent and purpose of the workmen's act, from receiving compensation for such disability. There does occur to us a very sound practical reason why the general assembly should require clear evidence of the concurrence of strain and pain before compensation may be awarded, even though such a rule may preclude some from obtaining compensation who, under the general theory and purpose of the law, ought to receive it. In view of the possibility that one might have a hernia, as claimant did have, and be ignorant of the fact, as he was; that he might suffer a strain, as he doubtless did, more than once during his 101 days of coal mining for this employer without any effect on his hernia; that he might feel no pain at the time and shortly thereafter discover that he had a hernia and

honestly attribute it to the strain that in fact had nothing to do with it; it is necessary to require proof of conditions that tie the injury to a time, place, and event. We might hesitate to say in a case where it was made to appear to the commission from the testimony of the claimant that he had no hernia when he went to work for the employer; that he had never seen any symptoms of it, felt it, nor been inconvenienced in any way; that during his employment he had sustained many severe strains adequate to cause a hernia and during the employment found that he had one; that this was not sufficient evidence, in the absence of the requirement of the statute, to authorize a finding of injury accidentally sustained in the course of employment. To prevent a finding on evidence of such character, given in good faith by one honestly mistaken and which the employer would have no means of controverting, the legislature, by adopting the law, made necessary clear proof of conditions concurring, which, while probably not eliminating all possibility of mistake and the feigning of an injury, tends greatly to minimize the possibility. Furthermore, the requirement of proof of such conditions refers the injury to a particular time, place, and event, and affords an employer an opportunity to investigate with some chance of ascertaining the truth with respect to the alleged accidental origin. A hernia may occur and exist for a long period of time without any inconvenience, as is evidenced by claimant's hernia of which he had no knowledge until advised of its existence by a physician and which for months thereafter gave him no trouble. When a strangulation occurs, shutting off the blood supply of the protruding tissue, that fact can not for long remain unknown. Immediate action is necessary, for it is a matter of common knowledge that circulation of the blood through any body tissue is necessary in order that it may not die, become gangrenous, and slough away. There is but little possibility that the onset of strangulation of a pre-existing hernia will not

relate itself to a definite time, event, and place of beginning so that the employer may have reasonable notice and opportunity immediately to investigate and determine whether its cause may or may not reasonably be attributed to accident in the course of employment. Because of the radical difference, clearly apparent from a reading of the cases cited by both parties in their briefs, in the manner of the manifestation and behavior of a hernia and the manner of the manifestation and behavior of a strangulation of an existing hernia we think that the statute, since it does not expressly forbid compensation for strangulation of an existing hernia, does not require and should not receive a construction that by implication it forbids recovery in the instant case. Since there are sound reasons for requiring a strict proof of statutory conditions in a case of the appearance of a hernia that do not of necessity apply to a case where a hernia is known to exist and by reason of accident becomes strangulated, we are of the opinion that it is reasonable to conclude, and we hold, that the accidental strangulation of the claimant's hernia under the conditions disclosed by the record in this case, and found by the commission to exist, constituted a compensable injury.

Judgment of the district court setting aside the findings and award of the commission is reversed.

Mr. Justice Francis E. Bouck dissents.

Mr. Justice Francis E. Bouck, dissenting.

With all due respect, I dissent from the foregoing opinion. The arguments embodied in the brief of counsel for defendants in error seem conclusive in favor of affirmance of the district court judgment. Nor are those arguments met or overcome by the authorities cited to the contrary, based upon different statutes.

I regret that lack of time prevents my giving the reasons of my dissent in fuller detail. Suffice it to say that I consider the decision of the court as improperly constituting judicial repeal of an unambiguous statute regularly enacted by the General Assembly of Colorado.