No. 15,068.

CONSOLIDATED COAL AND COKE COMPANY ET AL.
*v.* LAZAROFF ET AL.
(124 P. [2d] 755)

Decided March 23, 1942.    Rehearing denied April 20, 1942.

Mr. Horace N. Hawkins, Mr. Horace N. Hawkins, Jr., for plaintiffs in error.

Mr. Gail L. Ireland, Attorney General, Mr. H. Lawrence Hinkley, Deputy, Mr. Morry M. Sterling, Assistant, for defendant in error Industrial Commission.

*En Banc.*

Mr. Justice Knous delivered the opinion of the court.

Plaintiffs in error, as employer and insurance carrier respectively, here seek the reversal of a judgment of the district court affirming an award of the Industrial Commission granting a surgical operation and workmen's compensation for a hernia, to defendant in error, the employee claimant.

February 7, 1941, a piece of coal weighing about fifty pounds, which claimant had just placed on a mine car, started to fall or roll toward him. He shoved the right side of his body up against the descending coal and succeeded in holding it in the car. In so doing his left foot slipped, but he did not fall. Simultaneously he experienced severe pain in his chest and lesser pain in his testes. After finishing the shift claimant reported to the company physician who found that in the accident claimant had suffered a fractured rib on the right side, which was then taped up. With the physician's approval

claimant returned to work and continued in his regular employment through March 7, 1941. On the afternoon of that day he felt pain in his left side and, after the shift was over, noticed a bulge on his body in the area of pain. Prompt examination by the company physician disclosed that claimant had a left inguinal hernia. Cessation from work and an operation were advised.

Claimant, the only witness at the referee's hearing, stated that following the accident of February 7, and until the appearance of the hernia, he had intermittent pains principally in the right upper abdomen, but occasionally extending downward "through the veins, whatever you call it, or other cords," to the pubic bone and to the left inguinal region. Following the taking of claimant's testimony the referee ordered him to report to a physician selected by the referee, for a physical examination. The report of this physician contained, inter alia, the following statements:

"Past History: Entirely negative. Has had no serious illness or operations. Never noticed a mass previous to this accident in the left groin."

"Examination: Discloses a well developed man 5 feet, 6½ inches in height, weight 165 pounds, who is 46 years of age. The entire physical examination is normal with the exception of the left groin which shows a hernia to be present about the size of a hen's egg, easily reducible."

"Comment: One cannot state definitely that this hernia has anything to do with his original accident of Feb. 7th, however his story at the present time is suggestive in that he maintains that he did have some pain in the groin following the original injury, but it is not of sufficient severity to be noticeable in comparison with the severe pain he had in his chest."

As the basis for the primary ground for reversal plaintiffs in error rely upon section 359, chapter 97, '35 C.S.A., which, in so far as here pertinent, provides: "An employee in order to be entitled to compensation for hernia must clearly prove: first, that its

appearance was accompanied by pain; second, that it was immediately preceded by some accidental strain suffered in the course of the employment." No contention is based on the "first" statutory requirement, but it is argued the award made was precluded by the "second" because the claimant did not *clearly* prove that his hernia was *immediately* preceded by some accidental strain suffered in the course of his employment. In *Central Surety & Ins. Co. v. Industrial Commission*, 84 Colo. 481, 271 Pac. 617, we held that in law the word "immediately" has different meanings dependent upon the purpose sought to be accomplished, and, as used in the statute under consideration, does not mean instantaneously, but contemplates that there may intervene permissively between cause and effect an interval of time reasonably sufficient for effect to follow cause in the usual course of nature. Obviously such period of natural tolerance cannot be fixed arbitrarily as consisting of so many minutes, hours or days, but must be determined factually from the circumstances of each case. To "clearly prove" a fact does not require that the proof should be more than sufficient to satisfy the mind of the finder of facts that its weight is such as to cause a reasonable person, under all the circumstances, to accept the fact as established. See, *Freese v. Hibernia Savings & Loan Society*, 139 Cal. 392, 73 Pac. 172. "Inferences and conclusions to be drawn from the evidence in workmen's compensation cases are for the commission and not for the courts." *Industrial Commission v. Valdez*, 101 Colo. 482, 74 P. (2d) 710, quoting from the syllabus in *Comstock v. Bivens*, 78 Colo. 107, 239 Pac. 869. Nor should the courts disturb awards of the commission which are supported by the evidence. Id. Giving the statute a liberal, reasonable construction, as is required (*Spirakoff v. Pluto Coal Mining Co.*, 105 Colo. 552, 100 P. [2d] 154), we are unable to say that claimant's proof, which showed unequivocally an initial accidental strain during employment on February 7th, followed by an

interval of continuing pain in the regions involved, culminated by the appearance of a hernia accompanied by pain on March 8th, was insufficient to support the findings of the commission that the hernia was immediately preceded by an accidental strain, or, as is the second contention of plaintiffs in error, that the evidence was insufficient to establish that the hernia was proximately caused by the accident of February 7th.

Considering the variance between the facts and issues in the case at bar and those appearing in *McPhee & McGinnity Co. v. Industrial Commission,* 67 Colo. 86, 185 Pac. 268, and *Industrial Commission v. Hover & Co.,* 82 Colo. 335, 259 Pac. 509, cited by plaintiffs in error, we perceive no inconsistencies between the pronouncements therein and our conclusions in the instant case. In this connection, see discussion of the scope of the second of the last cited cases in *Central Surety & Ins. Co. v. Industrial Commission, supra.*

The judgment is affirmed.