GREAT AMERICAN INDEMNITY
COMPANY, Appellant,

v.

Oscar GRAVELL, Appellee.

No. 13058.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 12, 1956.

Rehearing Denied Jan. 16, 1957.

Carl Wright Johnson, Edward P. Fahey, San Antonio, for appellant.

Wolff & Wolff, Lieck & Lieck, San Antonio, for appellee.

POPE, Justice.

Oscar Gravell sued Great American Indemnity Company, appellant, under the Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq., and recovered total temporary disability for 600 days for a general disability resulting from a hernia. Great American appeals on points that there is no evidence that the hernia appeared suddenly and immediately, that there is insufficient evidence to support such a finding of the jury, and that there is no proof to support a general recovery instead of a specific recovery for hernia only.

The point that there is no evidence, and the point that there is insufficient evidence to support the finding of a sudden and immediate appearance of the hernia are both without merit. Gravell testified that he was employed by L. L. Turner as a butcher, and on the date he claimed he suffered the hernia he lifted a quarter of meat which weighed from eighty-five to one hundred and forty pounds. When he picked up the meat, he had "an awful pain right in here. * * * Right away. Just as soon as I raised it up, it hit me." He then went home, and upon his arrival he looked at his side. About the appearance of the hernia, he stated, "Well, it pro-truded out right here." After he had the pain in his side, he was sick at his stomach and was hurting "just like I was being cut with a knife on my left side, just a cutting pain until it would nearly take my breath away sometimes." He was inside an ice box when he had the pain, and he was so sick that he lay down in the ice box for a few minutes. When he got up he went home. The next day he called a doctor and the doctor diagnosed the condition as a bad rupture. The testimony touching Gravell's condition, both before and after these occurrences, raises argumentative points, but certainly the evidence mentioned supports the jury finding of the sudden and immediate appearance of the hernia. Those terms are relative. Guerra v. State, 155 Tex.Cr.R. 306, 234 S.W.2d 866, 868, 869. They are not necessarily the equivalent of "instantaneous." Layton v. Hammond-Brown-Jennings Co., 190 S.C. 425, 3 S.E.2d 492; Etter v. Blue Diamond Coal Co., 187 Tenn. 407, 215 S.W. 2d 803, 806; Consolidated Coal & Coke Co. v. Lazaroff, 109 Colo. 248, 124 P.2d 755.

Appellant's third point is that Gravell was entitled to no more than the Workmen's Compensation Act permits for hernia as a specific injury. Gravell, however, claims that he is entitled to recover for a general injury. He made a claim before the Industrial Accident Board under the provisions of Sec. 12b, Article 8306, the hernia provision, and was denied all relief. Great American denied liability, made no offer of an operation, and Gravell received no operation at the hands of Great American. After Gravell appealed from the order of the Industrial Accident Board, which denied him relief, and while the suit was pending in the District Court, he had an operation and paid for it himself. Great American, under the facts, therefore, did not avail itself of Section 12b, Article 8306. In Consolidated Cas. Ins. Co. v. Ray, Tex.Civ.App., 267 S.W.2d 880, we stated that the effect of Section 12b was to put the insurance carrier to an election either to admit liability in hernia cases and offer

an operation, or run the risk of being held liable for general injuries. The proof in this case shows that Great American did not admit liability, did not tender an operation to Gravell while his claim was pending before the Board, and the employee never refused and never had an opportunity to accept or refuse an operation while the matter was pending before the Board. When the case reached the district court the rights of the parties were fixed by the events previously transpiring, and the court could not require a hernia operation. Texas Employers' Ins. Ass'n v. Tally, 132 Tex. 547, 125 S.W.2d 544.

■ The Supreme Court in National Mut. Casualty Co. v. Lowery, 136 Tex. 188, 148 S.W.2d 1089, 1091, declared that the situation presented by this case forbids the application of Section 12b of Article 8306, and the claimant "if compensated at all, must be compensated as for a general injury." In our opinion, Gravell was entitled to recover for a general disability. Tally v. Texas Employers' Insurance Ass'n, 129 Tex. 134, 102 S.W.2d 180; American General Insurance Company v. Quinn, Tex. Civ.App., 277 S.W.2d 223, 225; Texas Employers Insurance Ass'n v. Kubiak, Tex. Civ.App., 276 S.W.2d 909; Federal Underwriters Exchange v. Thompson, Tex.Civ. App., 137 S.W.2d 106, affirmed 136 Tex. 194, 148 S.W.2d 1092.

■ Gravell proved that his job as a butcher required his lifting heavy quarters of beef, and as a butcher-boner he needed to pull and strain. For two and one-half years after his injury he was unemployed. Thereafter he obtained employment as a butcher, but has lifted nothing in excess of twenty-five pounds. He can not reach down and pick up things without a strain, and he is handicapped in jerking and straining, as is necessary for his duties as a butcher. He is unable to place meat on a counter and turn it over. There is other evidence, but this is enough to show that he proved his case.

The judgment is affirmed.