### SHELDON L. POLLACK CORPORATION, Appellant,

v.

### FALCON INDUSTRIES, INC. and Insurance Company of North America, Appellees.

No. 13–89–043–CV.

Court of Appeals of Texas, Corpus Christi.

May 3, 1990.

Rehearing Overruled Aug. 31, 1990.

---

Robert G. Bailey, Houston, for appellant.

T. Kellis Dibrell, Robin V. Dwyer, Dibrell, Dotson, Dibrell & Dibrell, Lewin Plunkett, Thomas G. Kemmy, Plunkett, Gibson & Allen, San Antonio, for appellees.

Before NYE, C.J., and SEERDEN and BENAVIDES, JJ.

## OPINION

SEERDEN, Justice.

Sheldon L. Pollack Corporation (Pollack) appeals from a final judgment against it in favor of Falcon Industries, Inc. (Falcon) and Insurance Company of North America (INA) in a construction contract case.

Pollack originally filed suit against Cap de Cinco, Inc., the owner of a hotel construction project in McAllen, Texas, of which Pollack was the general contractor, seeking to recover the unpaid portion of the contract price. Cap de Cinco counterclaimed, seeking damages for deficiencies in Pollack's work and for delays in completion of the project. Pollack filed a third-party action against Falcon, the pre-cast concrete subcontractor, and INA, Falcon's payment and performance bond surety, for indemnity. Falcon and INA counterclaimed against Pollack, seeking the unpaid portion of the subcontract price, and INA cross-claimed against Falcon seeking indemnity.

The jury found that Pollack had substantially completed its contract with the owner, was owed $1,271,655.22 and that $30,000 would be required to correct the deficiencies in Falcon's work. Following a bankruptcy filing by the owner, the trial court severed the claims of Falcon and INA against Pollack, and entered final judgment against Pollack and in favor of Falcon and INA for $224,000.00, of which $40,124.92 was awarded to INA.

By its first three points of error, Pollack argues that the trial court erred in awarding judgment in favor of Falcon because there was no evidence, or insufficient evidence, to support a finding of substantial performance on the part of Falcon. Additionally, appellant alleges that the trial court's action was error because Falcon failed to submit a question to the jury regarding substantial performance.

■■■ In determining the legal and factual sufficiency of the evidence, we follow the guidelines dictated by the Supreme Court in *Pool v. Ford Motor Co.,* 715 S.W.2d 629 (Tex.1986). A party that has substantially performed a building contract is entitled to recover the full contract price less the cost of remedying those defects which are remediable. *Dobbins v. Redden,* 785 S.W.2d 377 (1990); *Vance v. My Apartment Steak House of San Antonio, Inc.,* 677 S.W.2d 480, 481 (Tex.1984). In such cases, the party seeking to recover on the contract has the burden of proving that he substantially performed under the contract, the consideration due to him under the contract, and the cost of remedying the defects due to his errors or omissions. *Vance,* 677 S.W.2d at 483. At trial, Falcon produced a Certificate for Payment dated March 31, 1986, signed by Pollack, the architect, and the owner, which stated that all pre-cast work was 100% to 99.5% complete. Further, there was testimony elicited from Pollack and from Estil McCollum, president of the Sheldon Pollack Corporation, that the pre-cast concrete work was at least 95% completed.

The jury answered the following questions:

1) What sum of money is necessary to complete the project in question?

   Answer: $188,835.45

2) What part, if any, of the amount found in answer to Question 1 do you find was necessary

   (a) To complete Falcon–Esprenosa's part of the contract, exclusive of correcting deficiencies.

   Answer: 0

   (b) To correct Falcon–Esprenosa's deficiencies, if any

   Answer: $30,000.00

3) Did Pollack substantially comply with the terms of the contract?

   Answer: Yes

The questions submitted to the jury were based on the contract between Pollack and the owner, of which the jury found that $188,835.48 was necessary to complete. The jury also found that $144,000.00 was necessary to complete any deficiencies in the project. The jury then found that no cost was necessary to complete Falcon's part of the contract, and that $30,000.00 was necessary to correct any deficiencies in the project, which translates into a substantial performance by Falcon. Although neither of the phrases "substantial performance" or "substantial compliance" were used in the question to the jury, the effect of the answer is the same. A judgment should not be reversed because of the failure to submit other and various phases or different shades of the same question. Tex.R.Civ.P. 278 (Vernon 1990). We find that Falcon did not waive its recovery under a theory of substantial performance and that sufficient evidence existed in order to find that Falcon did substantially perform under the contract. Points of error one, two, and three are overruled.

In points of error four through six, appellant attacks the sufficiency of the evidence to support an award to Falcon and INA under the theory of quantum meruit. However, Falcon's pleading of quantum meruit was against the owner, Cap de Cinco. The jury found in questions 37 and 38 that the owner owed Falcon-Esprenosa $20,293.01 for its work. Since the portion of the case involving the owner was severed, the final judgment from which Pollack appeals does not reflect an award of quantum meruit. These points are overruled.

In points of error seven and eight, appellant argues that there was no evidence or insufficient evidence to show that a condition precedent to Falcon's right to recovery, that being payment by the owner to Pollack, had occurred or been satisfied. Pollack bases this argument on the following language of the contract between Pollack and Falcon:

2. Payment Schedule: Contractor will pay subcontractor the sum of $2,352,-000.00 in installments as follows: lump sum of TWO MILLION THREE HUN-

DRED FIFTY-TWO THOUSAND AND NO/100 DOLLARS ($2,352,000.00) ninety percent on or about the 30th day of each month for work incorporated or materials suitably stored as acceptable to owner and contractor and for which payment has been made by owner or lender to contractor; ten percent to be paid following completion of the subcontractor's work and acceptance by owner and release to contractor of retainage.

Pollack argues that Falcon is required to prove the existence of each condition precedent before it is entitled to recover on it.

■■■■ A condition precedent may be either a condition to the formation of a contract or an obligation to perform an existing agreement. *Hohenberg Bros. Co. v. George E. Gibbons & Co.*, 537 S.W.2d 1, 3 (Tex.1976); *Gulf Constr. Co., Inc. v. Self*, 676 S.W.2d 624, 627 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.). Conditions precedent to an obligation to perform are those acts or events which occur subsequently to the making of the contract that must occur before there is a right to immediate performance and before there is a breach of contractual duty. *Hohenberg Bros.*, 537 S.W.2d at 3.

■■■■ In construing the meaning and intent of a contract, the court must look to the entire instrument and consider all of its provisions together. *Citizens Nat'l Bank in Abilene v. Texas and Pacific Ry. Co.*, 136 Tex. 333, 150 S.W.2d 1003 (1941). However, when the intent of the parties is doubtful or when a condition would create an absurd or impossible result, courts should interpret agreements as creating covenants and not conditions. *Hohenberg Bros.*, 537 S.W.2d at 3. Moreover, it is a rule of construction that a forfeiture, by finding a condition precedent, is to be avoided when another reasonable reading of the contract exists. *Reilly v. Rangers Management, Inc.*, 727 S.W.2d 527, 530 (Tex.1987); *Security State Bank v. Valley Wide Elec. Supply Co.*, 752 S.W.2d 661, 666 (Tex.App.—Corpus Christi 1988, writ denied).

In construction contract situations, the solvency of the owner is a credit risk necessarily incurred by the general contractor. *See Gulf Constr.*, 676 S.W.2d at 628. Because a subcontractor's contract is with the general contractor and not the owner, the insolvency of the owner will not normally defeat the claim of the subcontractor against the general contractor. *See Id.* In order to accordingly shift this inevitable credit risk, the contract between the general contractor and the subcontractor should contain an express condition clearly showing the intention of the parties. *See Id.* at 629.

> In *Gulf*, the language in dispute read: When the owner or his representative advances or pays the general contractor, the general contractor shall be liable for and obligated to pay the subcontractor up to the amount or percentage recognized and approved for payment by the owner's representative less the retainage required under the terms of the prime contract. Under no circumstances shall the general contractor be obligated or required to advance or make payments to the subcontractor until the funds have been advanced or paid by the owner or his representative to the general contractor.

*Id.* at 627. This Court held the language did not transfer the risk of non-payment to the subcontractor because of the owner's insolvency:

> [W]e hold that the contract in question does not state that Gulf Construction shall not be obligated *if* the money is not received from the owner, ... nor that payment shall be made to the subcontractors "out of" funds received by [the general contractor] but that [the general contractor] shall not be obligated or required to make payments *until* the money has been received by the owner. The second sentence of the ninth paragraph is in the nature of a modification of the time provision which immediately precedes it in the first sentence of the ninth paragraph.

*Id.* at 629. As in *Gulf*, we hold that the language contained in Provision 2 of the contract between Falcon and Pollack was a covenant which modified the time and manner of payment, and not a condition of liability. Points seven and eight are overruled.

By points of error nine and ten, Pollack argues that the trial court erred in entering judgment and attorney fees against it because INA, Falcon's surety, was subrogated to the entirety by Falcon's claim against Pollack. Pollack argues that any award to Falcon was error because any money owed by Pollack was owed to INA and not to Falcon. The trial court's award to Falcon and not INA does not affect the award against Pollack; rather, it affects INA's interest in the lawsuit. A party may not complain of errors which do not harm it or merely affect the rights of others. *Jackson v. Fontaine's Clinics, Inc.*, 499 S.W.2d 87, 92 (Tex.1973). Pollack has no interest in the dispute between Falcon and INA. Points nine and ten are overruled.

By two cross points, appellee INA argues that the court erred in holding that it was not entitled to all of the unpaid balance of the Falcon subcontract. Falcon asserts that INA cannot now complain because it failed to perfect an appeal by filing its own cost bond in accordance with Tex.R. App.P. 40(a)(1) on these two points. We agree. In support of this position, INA relies on *Donwerth v. Preston II Chrysler Dodge Inc.*, 775 S.W.2d 634 (Tex.1989) and *Warren v. Triland Inv. Group*, 779 S.W.2d 808 (Tex.1989) which held that an appellee does not have to perfect a separate appeal in order to raise cross points against an appellant. In *Donwerth*, the Supreme Court held that "unless an appellant limits his appeal pursuant to Texas Rules of Appellate Procedure 40(a)(4), an appellee may complain by cross-point in his brief in the court of appeals, without perfecting an independent appeal, of any error in the trial court *as between appellant and appellee.*" (emphasis added). *Donwerth*, 775 S.W.2d at 639.

We note that neither of the recent Supreme Court cases dealing with this issue involved cross points raised by one co-appellee against another. In fact, both spe-

cifically base their holdings on cross-appeals between an appellant and an appellee. Further, the rationale behind not requiring an appellee to perfect an independent appeal is based on Tex.R.App.P. 40(a)(4) which states in relevant part:

> No attempt to limit the scope of an appeal shall be effective as to a party adverse to the appellant unless the severable portion of the judgment from which the appeal is taken is designated in a notice served on the adverse party within fifteen days after the judgment is signed, or if a motion for new trial is filed by any party, within seventy-five days after the judgment is signed.

This rule provides the sole means by which an appellee's complaints on appeal can be restricted. *Donwerth*, 775 S.W.2d at 638. In *Hernandez v. City of Fort Worth*, 617 S.W.2d 923 (Tex.1981), the Supreme Court interpreted this section to mean that unless the judgment of the trial court is definitely severable, and appellant strictly limits the scope of his appeal to a severable portion, it is not necessary to perfect two separate and distinct appeals and an appellee may bring cross points to complain of some ruling that the appellee alleges constituted error as to him. *Hernandez*, 617 S.W.2d at 924. Because only an appellant can limit an appeal by this rule, a co-appellee cannot benefit from this rule against a co-appellee without perfecting a separate appeal. Falcon could not have utilized this rule to limit his appeal against INA. Therefore this Court has no jurisdiction to entertain INA's cross points. The judgment is affirmed.