**TEXAS EMPLOYERS INSURANCE ASSOCIATION, Appellant,**

v.

**Morris Arden DUREE, Appellee.**

**No. 2–88–267–CV.**

Court of Appeals of Texas, Fort Worth.

Oct. 31, 1990.

Camp, Jones, O'Neill, Hall & Bates and James W. Watson and Michael W. Minton, Fort Worth, for appellant.

Brockermeyer & Associates and Greg Fitzgerald, Fort Worth, for appellee.

### OPINION ON MOTION FOR REHEARING

JOE SPURLOCK, II, Justice.

To our previous opinion, appellant filed a Motion for Rehearing. We have considered en banc the motion and our previous opinion. We withdraw the opinion and judgment, overrule the Motion for Rehearing, and substitute this opinion and judgment.

We affirm the judgment.

In this case of first impression, one issue is whether physical manifestations of a hernia (the appearance of a lump) ten days after an injury can constitute a "sudden and immediate" appearance of the hernia, so as to make it compensable under section 12b, article 8306 of the Worker's Compensation Act. A related question is whether the trial court erred in instructing the jury on "suddenly and immediately." The carrier, Texas Employers Insurance Association (TEIA), argues that the appearance of the lump ten days after the injury is not "sudden and immediate" and that the trial court as a matter of law improperly instructed the jury on those terms. We disagree.

Appellee, Morris Arden Duree, an employee on the assembly line at General Motors in Arlington, Texas, on December 18, 1987, was injured while installing a station wagon taillight. As Duree was pushing the taillight into place, he experienced a sharp stinging pain in his lower groin. He did not notice any lump in his lower groin area on the date of the accident, but did experience some discomfort for several days after the injury and complained to his supervisor. On December 28, 1987, while buckling a seat belt, he felt a lump move in his lower lap. Duree went to a physician at the General Motors plant medical office on January 15, 1988, and was told he had a hernia. Thereafter, Duree underwent surgery to repair the hernia.

Duree filed suit against appellant, TEIA, to recover worker's compensation benefits for an inguinal hernia. At trial Duree put on his case-in-chief. After he rested, TEIA made an oral motion for directed verdict asserting that Duree had not introduced any evidence showing that the hernia appeared "suddenly and immediately" as required under TEX.CIV.STAT.ANN. art. 8306, sec. 12b (Vernon 1967). This motion was overruled. TEIA again urged the same motion during jury deliberations, and the court again overruled it. The jury subsequently found Duree sustained an injury in the course and scope of his employment which resulted in a hernia. The trial court entered judgment for appellee in the amount of $6,063.75. From this judgment, TEIA appeals.

Article 8306, section 12b of the Worker's Compensation Act provides, in part:

In all claims for hernia resulting from injury sustained in the course of employment, it must be definitely proven to the satisfaction of the Board:
1. That there was an injury resulting in hernia.
2. That the hernia appeared suddenly and immediately following the injury.
3. That the hernia did not exist in any degree prior to the injury for which compensation is claimed.
4. That the injury was accompanied by pain.

TEX.REV.CIV.STAT.ANN. art. 8306, sec. 12b (Vernon 1967).

In its first point of error, appellant asserts that the trial court erred in refusing to grant its motion for directed verdict, because Duree failed to introduce any evidence showing that the hernia appeared "suddenly and immediately" as required under article 8306, section 12b.

A directed verdict under TEX.R. CIV.P. 268 is proper only under limited circumstances, e.g.: where (1) a defect (specifically indicated) in the opponent's pleading makes it insufficient to support a judgment; or (2) the evidence proves conclusively the truth of fact propositions which, under the substantive law, establish the right of the movant, or negate the right of his opponent, to judgment; or (3) the evidence is insufficient to raise an issue of fact as to one or more fact propositions which must be established for the opponent to be entitled to judgment. *Rowland v. City of Corpus Christi*, 620 S.W.2d 930, 932–33 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.); *Ottis v. Haas*, 569 S.W.2d 508, 512 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.).

Under either (2) or (3) above, a trial court may properly withdraw a case from the jury and instruct a verdict *only* if there is no evidence to support a material issue. *Porterfield v. Brinegar*, 719 S.W.2d 558, 559 (Tex.1986). In the instant case, if the record reveals any conflicting evidence of a probative nature sufficient to raise a fact issue regarding whether plaintiff's injury was "sudden and immediate," an instructed verdict would have been improper. Instead, a determination of that issue must be left to the jury. *See White v. Southwestern Bell Tel. Co. Inc.*, 651 S.W.2d 260, 262 (Tex.1983); *Jones v. Tarrant Utility Co.*, 638 S.W.2d 862, 865 (Tex.1982).

Appellant argues it was entitled to a directed verdict because there was no evidence introduced by appellee of a "sudden and immediate" protrusion, as is necessary under article 8306, section 12b. Appellant relies on *Great American Indemnity Co. v. Gravell*, 297 S.W.2d 371 (Tex.Civ.App.—San Antonio 1956, no writ), wherein an

employee's discovery of a lump the same day the accident occurred constituted a sudden and immediate appearance of a hernia under article 8306, section 12b. In two additional cases cited by TEIA, the appearance of a lump two or three months after the accident date did not constitute a "sudden and immediate" appearance of a hernia compensable under the statute. *Texas Employers Insurance Ass'n. v. Brantley*, 394 S.W.2d 824 (Tex.Civ.App.—El Paso), *rev'd on other grounds*, 402 S.W.2d 140 (Tex.1966); *Travelers Ins. Co. v. Quibedeaux*, 403 S.W.2d 826, 827 (Tex.Civ.App.—Beaumont 1966, writ ref'd n.r.e.). Specifically, TEIA argues that, as a matter of law, the language of article 8306, section 12b and these cases establish that the appearance of a lump ten days following an injury is not "sudden and immediate." Additionally, it contends there was no other evidence offered to prove the "sudden and immediate" appearance of the hernia following Duree's injury. Therefore, TEIA argues the trial court erred in not granting its motion for directed verdict.

We hold the trial court properly overruled appellant's motion for directed verdict because, in light of the facts presented at trial, the appearance of a lump ten days following an injury may be a "sudden and immediate" appearance of the hernia. Moreover, TEIA's interpretation of section 12b, article 8306 that such an appearance "could not be sudden and immediate as a matter of law" is unnecessarily rigid.

■ The Worker's Compensation Act is to be liberally construed in favor of claimants. *Stott v. Texas Employers Ins. Ass'n*, 645 S.W.2d 778, 780 (Tex.1983); *Hargrove v. Trinity Universal Ins. Co.*, 152 Tex. 243, 256 S.W.2d 73, 75 (1953); *Liberty Mut. Ins. Co. v. Wright*, 196 S.W.2d 349, 351 (Tex.Civ.App.—Fort Worth 1946, writ ref'd). There are two reasons for such liberal construction of the Act. First, a worker to whom the Act applies, is denied his or her common-law rights and therefore, the supreme court has held the Act should be liberally construed in the worker's favor. *Hargrove*, 152 Tex. 243, 256 S.W.2d at 75. Second, since the Work-

er's Compensation Act is "remedial," "if there be any reasonable doubt which may arise in a particular case as to the right of the injured employee to compensation, same should be solved in favor of such right." *Bailey v. American Gen. Ins. Co.*, 154 Tex. 430, 279 S.W.2d 315, 318 (1955), citing *Jones v. Texas Indemnity Ins. Co.*, 223 S.W.2d 286, 288 (Tex.Civ.App.—El Paso 1949, writ ref'd).

■ Although article 8306, section 12b requires that a compensable hernia must appear "suddenly and immediately" following the injury, neither the Act nor Texas case law establishes the appropriate time frames to which these terms apply.

The Worker's Compensation Act does not define the term "suddenly and immediately" as used in article 8306, section 12b. The term "sudden" has been defined as "[h]appening without previous notice or with very brief notice; coming or occurring unexpectedly; unforeseen; unprepared for." BLACK'S LAW DICTIONARY 1284 (5th Ed.1979). Black's Law Dictionary defines "immediate" as follows:

> [p]resent; at once; without delay; not deferred by any interval of time. In this sense, the word, without any very precise signification, denotes that action is or must be taken either instantly or without any considerable loss of time. A reasonable time in view of particular facts and circumstances of case under consideration.... Not separated in respect to place; not separated by the intervention of any intermediate object, cause, relation, or right.

*Id.* at 675.

Absent legislative direction, courts should not affix a specific and precise time frame to these two terms. The phrase "suddenly and immediately" is relative and does not necessarily mean "instantaneous." *Gravell*, 297 S.W.2d at 372. In its efforts to apply the term "suddenly and immediately," the *Gravell* court cited case law from other jurisdictions which provided, in pertinent part, as follows:

> The word 'immediately' must gather its meaning from its application.... It depends upon the circumstances and events

in connection with which it is used. Happening 'suddenly' or 'immediately following' does not mean happening instantaneously. When our Legislature used the word 'suddenly' ... it meant that the hernia must have developed without warning, or, 'without previous notice'; and that it is not attributable to any pre-existing cause.

*Etter v. Blue Diamond Coal Co.*, 187 Tenn. 407, 215 S.W.2d 803, 806 (1948).

The words "suddenly" and "immediately" are elastic terms, admitting of much variety of definition, ... [a]nd, as used in the Act, these words should not be construed as the equivalent of the word "instantaneous." Like similar absolute expressions, they are used here with less strictness than the literal meaning requires. For to give them their literal signification in all cases, regardless of the attendant situations and circumstances, would often defeat meritorious claims upon purely technical grounds, and thus frustrate the purpose of the Act.

*Layton v. Hammond–Brown–Jennings Co.*, 190 S.C. 425, 3 S.E.2d 492, 494 (1939).

[T]he word 'immediately' has different meanings dependent upon the purpose sought to be accomplished, and, as used in the statute under consideration, *does not mean instantaneously, but contemplates that there may intervene permissibly between cause and effect an interval of time reasonably sufficient for effect to follow cause in the usual course of nature. Obviously such period of natural tolerance cannot be fixed arbitrarily as consisting of so many minutes, hours or days, but must be determined factually from the circumstances of each case.*

*Consolidated Coal & Coke Co. v. Lazaroff*, 109 Colo. 248, 124 P.2d 755, 756 (1942) (emphasis added).

We find no authority that the Legislature intended for the term "suddenly and immediately" to specify a precise time frame. Nor do we think courts should attempt to fashion precise time frames as a matter of law to which these terms will apply. The time denoted by "suddenly and immediately" is clearly of imprecise meaning and as a matter of law, is without absolute parameters. We observe that some reasonable time often intervenes for effect to follow cause in the usual course of nature. There is usually a delay between cause and effect. The legal arguments here are simply about "how long" is reasonable in determining the length of delay.

The terms "suddenly and immediately" as they are used in section 12b of article 8306 logically should be applied in a manner most likely to insure a causal connection between the employment event and the hernia. The legislature clearly intended to require that the *injury* be job related, and that activity on the job be the *cause* of the injury. The specific facts of each case must determine whether the hernia resulted suddenly and immediately from the work related cause. The facts in this case clearly indicate such a causal connection existed between Duree's work related injury and his hernia, even though he first discovered the lump ten days later.

Duree testified that while attempting to install a station wagon taillight, he pushed extra hard, and immediately felt a sharp stinging pain in his lower groin area. Jerry Speck, his team leader, testified he saw Duree bearing down to push a taillight in an automobile when Duree stopped, bent over, and said, "I've hurt my side." Speck testified it took a lot of force to put the taillights in. Moreover, he testified that after the accident, Duree "complained almost daily to me that [the taillights] were still awful difficult to get in and they was hurting him to put them in."

Duree finished work that Friday, returned to work the following Monday and Tuesday, and then was off work due to the Christmas holidays. He testified while he experienced discomfort and some pain during this period, he did not notice a lump in his lower groin area. Several days after Christmas, while attempting to buckle a seat belt, he felt a lump slide upwards as the seat belt was pulled across his lap. Finally, Duree testified he performed no strenuous activities during the Christmas

holiday, other than installing the taillights at work.

This testimony clearly indicates a causal connection between Duree's employment injury and the hernia. There is no other intervening act shown which could have caused the injury. We hold the ten-day interval between Duree's injury and his discovery of the lump does not negate the sudden and immediate appearance of the hernia as a matter of law. Accordingly, we overrule appellant's first point of error.

In its second and third points of error, appellant asserts that both an instruction to the jury defining "hernia" and subsequent instructions during jury deliberations constituted an improper comment on the weight of the evidence.

The court's charge consisted of one question and included the following definition:

"Hernia" as used in this question means a protrusion of a portion of the intestine through one of the inguinal rings; it must appear suddenly and immediately following such injury (the term "suddenly and immediately" are relative and not necessarily the equivalent of instantaneous); it must not have existed in any degree before such injury; and the injury, if any, resulting in a hernia, if any, must be accompanied by pain.

Appellant objected to the language contained in the parenthetical definition of "suddenly and immediately," but was overruled by the trial court. A jury note subsequently sent to the court during deliberations indicated they were unable to decide whether ten days was the equivalent of "suddenly and immediately," and requested the court give them additional guidance on the definition.

After receiving this note from the jury, the court returned the following instruction:

The words "suddenly" and "immediately" are elastic terms, admitting of much variety of definition, and should not be construed as the equivalent of the word "instantaneous." Like similar absolute expressions, those words are used here with less strictness than the literal meaning requires.

There is no precise definition, so far as time is concerned, of the word "immediately." In every case the meaning depends upon the circumstances of the case and the act to be performed.

"Immediately" is a term of relative signification, and never designates an exact portion of time, and is used with more or less latitude by universal consent, according to the subject to which it is applied.

The word "immediately" refers to the event which must occur within such convenient time as is reasonably requisite, and what is a reasonable time must be determined from the facts of the particular case.

The words contemplate that there may intervene permissibly between cause and effect an interval of time reasonably sufficient for effect to follow cause in the usual course of nature.

Appellant objected to this instruction as being a comment on the weight of the evidence, but was again overruled by the court.

Appellant argues that no definition of "sudden and immediate" is contained in the TEXAS PATTERN JURY CHARGES pertaining to worker's compensation cases and argues that both instructions exceed the scope of definitions previously approved by the supreme court. *First International Bank in San Antonio v. Roper Corp.*, 686 S.W.2d 602, 604 (Tex.1985); *Lemos v. Montez*, 680 S.W.2d 798, 801 (Tex.1984); *Acord v. General Motors Corp.*, 669 S.W.2d 111, 116 (Tex.1984). Moreover, appellant argues the trial court's instructions single out the law in such a way so as to favor one side over the other, and therefore constitute a comment on the weight of the evidence. Appellant argues, that both the definition and instruction commented on the evidence pertaining to the most contested issue at trial, whether appellant's discovery of his hernia ten days after injury constituted a sudden and immediate appearance and impermissibly nudged the jury toward an answer favorable to appellee.

We disagree.

TEX.R.CIV.P. 277 provides:

The court shall submit such instructions and definitions as shall be proper to enable the jury to render a verdict

. . . .

The court shall not in its charge comment directly on the weight of the evidence or advise the jury of the effect of their answers, but the court's charge shall not be objectionable on the ground that it incidentally constitutes a comment on the weight of the evidence or advises the jury of the effect of their answers when it is properly a part of an instruction or definition.

*Id.*

Trial courts are allowed "considerable discretion in deciding which instructions are necessary and proper." *Johnson v. Whitehurst,* 652 S.W.2d 441, 447 (Tex. App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.). A proper instruction is one that both assists the jury and is legally correct. *Texaco, Inc. v. Pennzoil Co.,* 729 S.W.2d 768, 822 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.), *cert. dism'd,* 485 U.S. 994, 108 S.Ct. 1305, 99 L.Ed.2d 686 (1988). An instruction that either misstates the law or misleads the jury would not meet this standard. *Id.* To be a direct comment on the weight of the evidence, the instruction must suggest to the jury the trial judge's opinion on the issue before the jury. *City of Amarillo v. Langley,* 651 S.W.2d 906, 915 (Tex.App.—Amarillo 1983, no writ). Moreover, "[a]n improper comment on the weight of the evidence occurs when the trial judge indicates an opinion as to the verity or accuracy of the facts in the case." *Samsel v. Diaz,* 659 S.W.2d 143, 145 (Tex.App.—Corpus Christi 1983, no writ). If no facts are mentioned in the instruction, it is not a comment on the weight of the evidence. *Id.*

Neither instruction nor definition submitted by the trial court constituted a comment on the weight of the evidence. The instruction gave no indication to the jury of any opinion of the trial court regarding the facts of the case. The definition of the term "suddenly and immediately" contained in the court's charge to the jury is a legally correct statement of the law. *See Gravell,* 297 S.W.2d at 372. The definition contains no facts about the case nor does it suggest to the jury the trial judge's opinion on the case.

TEIA suggests that the supreme court does not approve of *any* additions to the TEXAS PATTERN JURY CHARGES. *First International Bank in San Antonio v. Roper Corp.,* 686 S.W.2d 602 (Tex.1985); *Lemos v. Montez,* 680 S.W.2d 798 (Tex. 1984); *Acord v. General Motors Corp.,* 669 S.W.2d 111 (Tex.1984). We believe appellant's interpretation of the supreme court's pronouncements on the pattern jury charges is incorrect. In each of these cases, the supreme court disapproved of alterations or additions to the pattern jury charges when the correct definition of a specific phrase was announced by the court and subsequently included in the TEXAS PATTERN JURY CHARGES.[1] For example, in *Lemos,* 680 S.W.2d at 801, the court stated:

The correct definition of unavoidable accident has been settled since our decision in *Dallas Railway & Terminal Co. v.*

1. In *Roper Corp.,* a products liability case, none of the parties questioned the correctness of the definition of "sole cause," but focused on its propriety in the case. *Roper,* 686 S.W.2d at 603. The court ruled that the sole cause instruction was superfluous and resulted in harmful error. In this case, on the other hand, the meaning of "suddenly and immediately" was precisely the issue the jury had to consider.

*Lemos* reaffirmed the correct definition of "unavoidable accident" as used in *Dallas Railway & Terminal Co. v. Bailey,* 151 Tex. 359, 250 S.W.2d 379, 385 (1952), and carried forward in the TEXAS PATTERN JURY CHARGES. *Le-*

*mos,* 680 S.W.2d at 801. *Lemos* therefore proscribes additions to or variations from the pattern charge. It *does not forbid* the giving of a legally correct instruction for terms or concepts not yet found in TEXAS PATTERN JURY CHARGES.

In *Acord,* the Texas Supreme Court explicitly approved the TEXAS PATTERN JURY CHARGES special issue and instruction on "design defect," and disapproved of any alterations or variations in that issue and instruction because alterations or variations in the approved pattern charge are deemed improper comments on the case. *Acord,* 669 S.W.2d at 116.

*Bailey*, 151 Tex. 359, 250 S.W.2d 379, 385 (1952). The definition used in *Bailey* is carried forward in our *Pattern Jury Charges*. 1 STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES sec. 3.03 (1969). This court has not indicated to the bench and bar that the definition should be embellished with the addendum.

*Id.*

In the cases cited by appellant, the supreme court does not specifically disapprove of *all* additions to the TEXAS PATTERN JURY CHARGES. Rather, it explicitly disapproved of additions to definitions previously approved by the court.

 Like its argument that, as a matter of law, the passage of ten days between the injury and its discovery prevents a finding that the hernia occurred suddenly and immediately, we believe TEIA's argument that no additions to the TEXAS PATTERN JURY CHARGES are permitted, is both unnecessarily rigid and impractical. The TEXAS PATTERN JURY CHARGES provide invaluable guidance in the preparation of special issues, but they clearly are not an exhaustive list of issues and instructions appropriate for *all* cases. Furthermore, Rule 277 mandates that the court *shall* instruct the jury to enable it to reach a verdict. Were trial courts limited to the TEXAS PATTERN JURY CHARGES, they would remain silent in cases such as this one where there is no appropriate pattern charge and would thus fail to carry out the Rule 277 mandate. The instruction submitted by the trial court in this case clearly enabled the jury to reach a verdict and was an almost verbatim recitation of *Gravell*, the controlling authority in this case. *Gravell*, 297 S.W.2d at 392. *See Texaco*, 729 S.W.2d at 822. As such, the trial court's instruction was not in error. In *McDonald Transit Inc. v. Moore*, 565 S.W.2d 43, 45 (Tex.1978), the supreme court indicated:

> Under Rule 277 it is mandatory that an instruction not be worded so as to indicate the opinion of the trial judge as to the verity or accuracy of the facts in inquiry.

The instruction provided the jury by the trial court was legally correct and was not worded so as to indicate the opinion of the trial judge on the matter before the jury. Nothing in the record before us indicates the jury was misled in any way by the instruction or definition. Therefore, they did not constitute an improper comment on the weight of the evidence. Appellant's second and third points of error are overruled.

Having overruled all appellant's points of error, the judgment of the trial court is affirmed.