**GUNN BUICK, INC., Appellant,**

v.

**Frank A. ROSANO & Elizabeth Rosano, Appellees.**

**No. 04–94–00307–CV.**

Court of Appeals of Texas, San Antonio.

Decided Aug. 16, 1995.

Rehearing Denied Sept. 15, 1995.

---

Jonathan Yedor, San Antonio, for Appellant.

Peter Torres, Jr., Law Office of Peter Torres, Jr., P.C., San Antonio, for Appellees.

Before CHAPA, C.J., and STONE and GREEN, JJ.

CHAPA, Chief Justice.

Appellant, Gunn Buick, Inc., appeals an adverse judgment in favor of appellees Frank A. Rosano and Elizabeth Rosano, based on alleged violations of the Texas Deceptive Trade Practices–Consumer Protection Act[1] and the Texas Consumer Credit Code.[2] The issues before this court are whether:

(1) there is legally insufficient evidence to sustain the jury findings of violations of the Deceptive Trade Practice Act or the Texas Consumer Credit Code;

(2) there is factually insufficient evidence to sustain the jury findings of violations of the Deceptive Trade Practice Act or the Texas Consumer Credit Code;

(3) the trial court committed reversible error in submitting question no. 1 to the jury over appellant's timely objection that it was not supported by appellees' pleadings; and

(4) the trial court committed reversible error in failing to submit appellant's tendered question.

Initially, appellant contends that there is legally and factually insufficient evidence to sustain the jury findings of violations of the Deceptive Trade Practices Act or the Texas Consumer Credit Code.

In considering a "no evidence" or legal insufficiency point, we consider only the evidence and reasonable inferences favorable to the decision of the trier of fact and disregard all evidence and inferences to the contrary. *Davis v. City of San Antonio,* 752 S.W.2d 518, 522 (Tex.1988); *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965).

In considering a factual insufficiency point, we may not substitute our judgment for that of the jury, but must assess all the evidence and reverse for a new trial only if the challenged finding is so against the great weight and preponderance of the evidence as to be manifestly unjust, shocks the conscience, or clearly demonstrates bias. *Pool v. Ford Motor Co.,* 715 S.W.2d 629, 635 (Tex. 1986); *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986). "In considering an 'insufficient evidence' point, we must remain cognizant of the fact that it is for the jury, as the trier of fact, to judge the credibility of the witnesses, to assign the weight to be given their testimony, and to resolve any conflicts or inconsistencies in the testimony." *Commonwealth Lloyd's Ins. Co. v. Thomas,* 678 S.W.2d 278, 289 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.); *Texas Employers Ins. Ass'n v. Jackson,* 719 S.W.2d 245, 249–50 (Tex.App.—El Paso 1986, writ ref'd n.r.e.).

The record reflects that in 1992, appellees went to the appellant seeking to purchase a new car based on an advertisement they had seen in the newspaper. According to the appellees, the advertisement indicated that the appellant was offering to sell new cars with a $2,500.00 discount and a $1,000.00 rebate. Extended and difficult negotiations took place with appellant's salesman Maurice Andrade that reflected appellees' insistence in obtaining all discounts and rebates they were entitled to. As a result, appellees purchased a 1992 Buick Century automobile and traded in their 1987 Buick LeSabre. Thereafter, upon receiving their copy of the Retail Installment Contract through the mail, appellees discovered that no mention was made of the discount and/or rebate in any of the documents. Upon confronting Andrade, appellees were told that they would have to discuss the matter with the general manager, which they did. Appellees were advised by the general manager that the custom was merely to include any rebates and/or discounts in the trade-in figure without any further designation in the Retail Installment Contract, and that their rebates and discounts had already been included in the trade-in figure. Because appellees insisted

---

1. Tex.Bus. & Com.Code Ann. § 17.41 et seq. (Vernon 1987 & Supp.1995).

2. Tex.Rev.Civ.Stat.Ann. art. 5069–7.02 (Vernon 1987 & Supp.1995).

they were never told at the time of the sale that the discounts and/or rebates were included in the $6,486.00 trade-in credit, they contacted an attorney. This lawsuit followed.

Appellees further testified that the car they traded in had been purchased from appellant a few years before for approximately $8,000.00, and that it was worth around $6,000.00 at the time of the disputed sale, which resulted in the $6,486.00 trade-in figure in the Retail Installment Contract. On the other hand, appellant's employees conceded during the trial that no discount and/or rebate appears in any of the documentation of the sale, but explained that the $6,486.00 trade-in figure included $3,986 for the vehicle traded in, a $1000.00 rebate, and a $1,500.00 discount. However, these amounts do not appear in the Retail Installment Contract introduced into evidence.[3] Moreover, during the trial, appellant's salesman Andrade admitted that when testifying in deposition under oath, he had agreed that he had made a representation to the appellees "that the $6,486 was going to be the amount of his trade-in." He also stated, however, that the statement in the deposition had been a mistake on his part.

█ The question of credibility was clearly before this jury, and this court has no authority to substitute its judgment on the credibility of the witnesses, the assignment of weight to be given to their testimony, or the resolution of any conflicts or inconsistencies in the testimony. *Commonwealth*, 678 S.W.2d at 289. There is justification for this doctrine, for where this court deals with a cold-blooded record of words, the jury has the advantage of not only hearing the testimony, but also seeing the witnesses and all the surrounding circumstances that play a part in the processes of determining credibility. Considering the standard of review for both legal and factual insufficiency points and the deference that must be paid to the fact finders, we cannot conclude that there is no evidence to sustain the jury finding of violations of the Deceptive Trade Practices Act or the Texas Consumer Credit Code. *Davis*, 752 S.W.2d at 522. We further cannot conclude that the findings as to the violations are so against the great weight and preponderance of the evidence as to be manifestly unjust, shock the conscience, or clearly demonstrate bias. *Pool*, 715 S.W.2d at 635. The points are rejected.

Appellant next complains that the trial court erred in submitting Question No. 1 to the jury over appellant's timely objection that it was not supported by appellees' pleadings.[4]

█ In the absence of special exceptions, we must liberally construe a petition in favor of the pleader. *Roark v. Allen*, 633 S.W.2d 804, 809 (Tex.1982); see Tex.R.Civ.P. 45. The petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim. *Roark*, 633 S.W.2d at 810.

█ In view of the fact that appellant failed to file special exceptions to the plead-

---

**3.** The dissent contends that there is "no evidence" that appellants did not receive the discount. The contract, the sole documentary evidence pertaining to the sale, unequivocally states:

| | | | |
|---|---|---|---|
| 2. | A. | Cash downpayment | $____N/A____ |
| | B. | Trade-in (Net) | $6,486.00 |
| | C. | Manufacturer's Rebate | $____N/A____ |
| | D. | Total Downpayment (A + B + C) | $6,486.00 |

Surely this contract between seller and buyer, which on its face indicates that the value of the *trade-in* is $6,486.00, which amount is the *only* amount credited against the sale price of the car, and which fails to disclose a "discount" credited against the sale price, cannot be dismissed as "no evidence."

**4.** Question No. 1 asked:

Do you find that Defendant, Gunn Buick, Inc., through its agents, servants, and employees, failed to state to Plaintiffs the true cash sale price of the vehicle sold to Plaintiffs in the retail installment contract?

"Cash Price" means the price at which a creditor, in the ordinary course of business, offers to sell for cash the property or service that is the subject of the transaction. At the creditor's op-

tion, the term may include the price of accessories, services related to the sale, service contracts and taxes and fees for license, title, and registration. The term does not include any finance charge.

Please answer "YES" or "NO".

We, the Jury, answer: YES.

ings of the appellees, we must liberally construe appellees' pleadings. *Roark,* 633 S.W.2d at 809. Appellant's objection stems from taking one sentence from the pleadings out of context without regard to the totality of the pleadings. A review of the entire pleadings of the appellees reveals that they gave clear, fair, and adequate notice to appellant of the facts upon which the appellees based their claim. *Id.* at 810. Moreover, the fact that appellant found no need to file special exceptions and was obviously well prepared to defend the limited issues involved during trial also justifies our conclusion that appellant was properly notified by the pleadings of the allegations against which it was to defend. The point is rejected.

Finally, appellant contends that the trial court erred in failing to submit appellant's tendered question.[5]

■■■ The trial court has wide discretion in determining the proper issues and instructions to be submitted to the jury. *Scott v. Ingle Bros. Pacific, Inc.,* 489 S.W.2d 554, 557 (Tex.1972); *see Royal Ins. Co. v. Goad,* 677 S.W.2d 795, 800–01 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.). Broad-form submission is encouraged. Rule 277 of the Texas Rules of Civil Procedure provides in pertinent part: "In all jury cases the court shall, whenever feasible, submit the cause upon broad-form questions. The court shall submit such instructions and definitions as shall be proper to enable the jury to render a verdict." TEX.R.CIV.P. 277; *see Island Recreational Dev. Corp. v. Republic of Texas Sav. Ass'n,* 710 S.W.2d 551, 555 (Tex.1986); *Lemos v. Montez,* 680 S.W.2d 798, 801 (Tex. 1984). Simplicity in the jury charge must be an overriding concern. *Lemos,* 680 S.W.2d at 801. The Pattern Jury Charge is an invaluable guide in the preparation of special issues and instructions. *See Texas Employers Ins. Ass'n v. Duree,* 798 S.W.2d 406, 413 (Tex.App.—Fort Worth 1990, writ denied). "[I]t is error to burden the jury with excess instructions which emphasize extraneous factors to be considered in reaching a verdict."

*First Int'l Bank v. Roper Corp.,* 686 S.W.2d 602, 605 (Tex.1985). "A judgment should not be reversed because of a failure to submit other and various phases or different shades of the same question." *Sheldon L. Pollack Corp. v. Falcon Indus., Inc.,* 794 S.W.2d 380, 383 (Tex.App.—Corpus Christi 1990, writ denied); *see* TEX.R.CIV.P. 278.

■■■ Therefore, which explanations and definitions of legal terms may be necessary to enable the jury to answer each issue is within the sound discretion of the court. Consequently, reversal will not lie because a requested issue or instruction is refused, in the absence of a showing of a clear abuse of discretion.

■■■ "The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action." *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986); *see Smithson v. Cessna Aircraft Co.,* 665 S.W.2d 439, 443 (Tex.1984). Rather, a trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *See Downer,* 701 S.W.2d at 241–42. In ascertaining whether the trial court abused its discretion, the reviewing court must determine if the trial court acted without reference to any guiding rules and principles. *Morrow v. H.E.B., Inc.,* 714 S.W.2d 297, 298 (Tex.1986).

■■■ Appellees' pleadings alleged violations of the Texas Consumer Credit Code and the Deceptive Trade Practices–Consumer Protection Act. During trial, appellees contended that appellant violated the Credit Code by failing to state the true cash sales price in the Retail Installment Contract, and the Deceptive Trade Practices Act by their actions and inactions related to the advertised discounts and/or rebates. The court's charge was broad form, simple, and traced the contentions of the claimants utilizing the

---

**5.** The record reflects that appellant submitted the following *handwritten* requested question to the court, which was denied:

  Question____

Did Frank & Elizabeth Rosano receive the $2,500 discount as advertised by Gunn Buick?
Answer: Yes or No
Answer:____

relevant statutes and the Pattern Jury Charge. *Lemos,* 680 S.W.2d at 801; *Texas Employers Ins. Ass'n,* 798 S.W.2d at 413. Appellant's requested question was merely "a different shade[ ] of the same question" already in the charge, which does not require reversal. *Sheldon L. Pollack Corp.,* 794 S.W.2d at 383. We cannot agree that the trial court acted without reference to any guiding rules or principles. *Morrow,* 714 S.W.2d at 298. Appellant has failed to show an abuse of discretion. The point is rejected.

The judgment is affirmed.

GREEN, J., dissents.

GREEN, Justice, dissenting.

I respectfully dissent. The Rosanos failed to establish that they were damaged as a result of any conduct on the part of Gunn Buick in the sale to the Rosanos of a new automobile. Accordingly, the judgment should be reversed and rendered in favor of appellant.

The trial of this case centered on whether or not the Rosanos received a $2500 discount on the purchase of their new Buick Century automobile as promised by Gunn Buick in its advertising. Indeed, virtually all of the evidence introduced in trial was directed to that issue. The answer to that question thereupon determines whether or not the Rosanos sustained damages entitling them to a recovery in this case. The jury was not asked to resolve that controlling question directly; rather, the case was submitted broadly.[1]

In its first point of error, appellant raises legal and factual sufficiency challenges to the jury's finding of damages. The majority erroneously reduces the evidentiary analysis to a question of the credibility of the witnesses. The relevant question before this Court, however, is not whether the jury was entitled to believe the testimony of the Rosanos above that of appellant's witnesses; it is whether there is competent evidence in the record to support the Rosanos' claim of damages.

It should be pointed out that this case is not about whether the amount of the discount given was as advertised—the Rosanos make no claim that they received a smaller discount than the advertised amount. They contend instead that they received no discount at all. If it is true they received no discount, their damages are established at $2500; however, if they did receive the discount, the Rosanos have not been damaged. For our legal and factual sufficiency review, then, the issue is whether there is sufficient evidence in the record that the Rosanos did not receive the advertised discount.

When considering a legal sufficiency, or "no evidence", challenge, we may consider only the evidence and reasonable inferences favorable to the decision of the trier of fact and disregard all evidence and inferences to the contrary. *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965). Utilizing this standard, the record reveals no competent evidence that the Rosanos were deprived of the advertised $2500 discount.

Mr. Rosano testified that he did not receive the discount. But his testimony is based solely on the fact that the discount was not specifically identified in the installment contract. The testimony is conclusory and is not probative on the question of whether the discount was, or was not, actually given. Mr. Rosano's subjective belief does nothing more than create a mere surmise or suspicion and, in legal effect, constitutes no evidence. *See Haynes & Boone v. Bowser Bouldin, Ltd.,* 896 S.W.2d 179, 182 (April 1, 1995); *Kindred v. Con/Chem, Inc.,* 650 S.W.2d 61, 63 (Tex.

---

1. The case was submitted to the jury on two liability theories. In Question No. 1, the jury was asked if Gunn Buick failed to state to the Rosanos the "true cash sale price" of the vehicle sold to them. This question relates to the Rosanos' claim under Tex.Rev.Civ.Stat.Ann. art. 5069–7.02(6)(a) (Vernon 1987 & Supp.1995), a provision of the Texas Consumer Credit Code regulating motor vehicle installment sales contracts. To recover under this provision, the Rosanos were required to prove that they suffered an *"actual economic loss"* as a result of its violation by appellant. Tex.Rev.Civ.Stat.Ann. art. 5069–8.01(b)(1) (Vernon 1987 & Supp.1995).

Question No. 2 asked the jury if Gunn Buick engaged in any false, misleading, or deceptive act or practice that was a *producing cause* of damages to the Rosanos. This relates to the Rosanos' claim under the Texas Deceptive Trade Practices Act (DTPA). Tex.Bus. & Com.Code Ann. § 17.46, *et seq.* (Vernon 1987).

1983). Mrs. Rosano's testimony was also of no assistance—she did not know, one way or the other, whether she and her husband received the discount. No other evidence was offered that the Rosanos did not receive the advertised discount.

Finding the evidence legally insufficient to support the Rosanos' damages finding, I would sustain appellant's first point of error and would reverse and render the judgment in favor of appellant.