COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| FAULKNERUSA, LP, FAULKNERUSA GP, INC., AND SAFECO INSURANCE COMPANY OF AMERICA, | § | No. 08-09-00119-CV |
| | § | Appeal from the |
| Appellants, | § | 166th District Court |
| v. | § | of Bexar County, Texas |
| ALARON SUPPLY COMPANY, INC., | § | (TC#2008-CI-12096) |
| Appellee. | § | |

**O P I N I O N**

FaulknerUSA, L.P., FaulknerUSA GP, Inc. (Faulkner), and Safeco Insurance Company of America (Safeco), appeal the trial court's summary judgment in favor of Alaron Supply Company, Inc. (Alaron). We reverse.

**BACKGROUND**

Faulkner, as general contractor, entered into three contracts with Alaron, as subcontractor, to provide food service equipment, laundry service and equipment, and parking control system service and equipment at the San Antonio Convention Center Hotel. The food contract was for $2,306,000, the laundry contract was for $1,837,420, and the parking contract was for $349,037. Each contract required a 100 percent surety bond, which Safeco provided, and that 10 percent would be withheld as retainage. Further, each contract contained the following provision:

> Condition Precedent to Payment by Owner to FaulknerUSA for the Subcontract Work is a condition precedent to Subcontractor's payment by FaulknerUSA. Subcontractor is entitled to payment only for that portion of the Subcontract Work for which FaulknerUSA has been paid by Owner. Subcontractor expressly assumes the risk of nonpayment by Owner. The Subcontract Amount includes compensation to Subcontractor for the assumption of this risk. This provision establishes a

condition precedent, and it shall not be construed merely as a Time of Payment Clause.

Later, Alaron sued Faulkner and Safeco for suit on sworn account, breach of contract, and suit on payment bond. According to Alaron's first amended petition, it fully or substantially performed under the three contracts and Faulkner and Safeco owed $790,577.74 for the services rendered. After verified denials were filed, Alaron moved for summary judgment. Although Faulkner and Safeco responded that Alaron's summary judgment motion should be denied, they did not also move for summary judgment. The trial court granted summary judgment in favor of Alaron.

## DISCUSSION

Faulkner raises nine issues on appeal. The first contends that the trial court erred by failing to sustain its objections to an affidavit attached to Alaron's motion for summary judgment, the second alleges that the trial court failed to rule that an affidavit attached to Faulkner's response to Alaron's motion for summary judgment was sufficient to raise a fact issue, the third asserts that payment by the owner was a condition precedent to any payment to Alaron, the fourth contests whether there was a question of fact as to whether payment of retainage was due, the fifth challenges Alaron's sworn account pleadings, the sixth contends that Faulkner filed a proper sworn denial to Alaron's suit on sworn account, the seventh alleges that timely notice of bond was not given, the eighth asserts that Safeco was not subject to summary judgment, and the ninth contests whether judgment was proper against Faulkner "GP." Finding merit in Faulkner's third issue, we need not address the remaining claims. *See* Tex. R. App. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

*Standard of Review*

Alaron moved for summary judgment on "traditional" grounds. Therefore, Alaron bore the burden to show that there was no genuine issue of material fact and that it was entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). On appeal, we review Alaron's motion and the evidence *de novo*, taking as true all evidence favorable to the nonmovant – Faulkner – and indulging every reasonable inference and resolving any doubts in Faulkner's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Nixon v. Mr. Prop. Mgmt. Co., Inc.*, 690 S.W.2d 546, 548-49 (Tex. 1985).

We further review *de novo* the construction of an unambiguous contract. *MCI Tel. Corp. v. Tex. Utils. Elec. Co.*, 995 S.W.2d 647, 650-51 (Tex. 1999). In so doing, our primary concern is the true intentions of the parties as expressed in the instrument. *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). In determining the parties' intent, we examine the entire agreement and give effect to all provisions such that none are rendered meaningless. *Id*. We further apply the pertinent rules of construction, look to the plain meaning of the contract language, and enforce the contract as written. *Vincent v. Bank of Am., N.A.*, 109 S.W.3d 856, 867 (Tex. App. – Dallas 2003, pet. denied).

*Condition Precedent*

Condition precedents are events that must be performed before a right accrues to enforce a contract. *Hohenberg Bros. Co. v. George E. Gibbons & Co.*, 537 S.W.2d 1, 3 (Tex. 1976). No particular words are necessary for the existence of a condition, but such terms as "if," "provided that," "on condition that," or some other phrase that conditions performance, usually connote an intent for a condition rather than a promise. *Id.*; *Gulf Const. Co., Inc. v. Self*, 676 S.W.2d 624, 627 (Tex. App. – Corpus Christi 1984, writ ref'd n.r.e.). As forfeitures are not favored, finding a condition precedent should be avoided if another reasonable reading of the contract is possible. *Criswell v. European Crossroads Shopping Ctr., Ltd.*, 792 S.W.2d 945, 948 (Tex. 1990); *Schwarz-*

*Jordan, Inc. of Houston v. Delisle Const. Co.*, 569 S.W.2d 878, 881 (Tex. 1978).

> The parties cite *Gulf* as controlling authority.  In that case, the contract provided that:

> When the owner or his representative advances or pays the general contractor, the general contractor shall be liable for and obligated to pay the sub-contractor up to the amount or percentage recognized and approved for payment by the owner's representative less the retainage required under the terms of the prime contract. Under no circumstances shall the general contractor be obligated or required to advance or make payments to the sub-contractor until the funds have been advanced or paid by the owner or his representative to the general contractor.

*Gulf*, 676 S.W.2d at 627.  The provision was not labeled "condition precedent," nor did it contain terms such as "if," "provide that," "on condition that," or some other phrase that would condition performance.  *Id*.  After discussing the credit risk borne by the general contractor, that is, that the owner may become insolvent, the court noted that "in order to transfer this normal credit risk . . . from the general contractor to the subcontractor, the contract between the general contractor and the subcontractor should contain an express condition clearly showing that to be the intention of the parties."  *Id*. at 628-29.  Finding the provision did not, the court held that the provision was not a condition precedent but rather a covenant that modified the time and manner of payment.  *Id*. at 630 ("We hold that the [clause] merely provides a covenant dealing with 'terms of payment' or 'manner of payment' rather than a condition precedent."); *see also Sheldon L. Pollack Corp. v. Falcon Industries, Inc.*, 794 S.W.2d 380, 384 (Tex. App. – Corpus Christi 1990, writ denied) (construing the following provision as a covenant that modified time and manner of payment: "Payment Schedule: Contractor will pay subcontractor the sum of $2,352,000.00 in installments as follows: lump sum of TWO MILLION THREE HUNDRED FIFTY-TWO THOUSAND AND NO/100 DOLLARS ($2,352,000.00) ninety percent on or about the 30th day of each month for work incorporated or materials suitably stored as acceptable to owner and contractor and for which payment has been made by owner or lender to contractor; ten percent to be paid following

completion of the subcontractor's work and acceptance by owner and release to contractor of retainage.").

Although we agree with *Gulf* that we should be hesitant to find a condition precedent in a construction contract, we cannot turn a blind eye when, as here, the provision is an express condition precedent. Unlike the contract in *Gulf*, the provision here expressly states that payment to Faulkner by the owner was a "condition precedent" to payment to Alaron by Faulkner. The provision further states that Alaron is only entitled to payment for that portion of subcontract work that Faulkner has been paid for by the owner, and that Alaron "expressly assumes the risk of nonpayment by Owner." Finally, the provision concludes that "[t]his provision establishes a condition precedent, and it shall not be construed merely as a Time of Payment Clause." Such express language cannot be interpreted as a covenant that simply modifies the time and manner of payment, especially when the provision uses the term "condition precedent" and contemplates compensation for the assumption of risk of nonpayment until the owner pays Faulkner. We therefore conclude that the provision is an enforceable, express condition precedent. *See MidAmerica Const. Management, Inc. v. MasTec North America, Inc.*, 436 F.3d 1257, 1262, 1265 (10th Cir. 2006) (finding provision "[u]pon final acceptance of the Work by Contractor and Owner, Contractor will pay Subcontractor for the Work at the prices and schedule and in the manner described on the Work Order(s); provided that, all payments to Subcontractor by Contractor are *expressly contingent upon* and subject to receipt of payment for the Work by Contractor from Owner, even if (a) Contractor has posted a payment bond with Owner or (b) the Primary Contract is on a 'cost plus' or other reimbursement basis requiring the Contractor to pay subcontractors prior to being reimbursed by Owner" was a condition precedent) (emphasis added); *Lakin Enterprises v. Sebastian*, No. 05-08-00213-CV, 2009 WL 428491, at *4 (Tex. App. – Dallas Feb. 23, 2009, no pet.) (mem. op., not designated for publication) (finding

provision "[p]ayments are subject to the Contractor receiving payment from the Owner and *is a condition precedent* to the Contractor's obligation or its Surety's obligation to pay Subcontractor, its suppliers, labor, etc." was a condition precedent) (emphasis added).

Alaron asserts that a reading of the entire contract does not support our finding that the above provision is a condition precedent. Specifically, Alaron points to another provision in the contract, which provides that final payment will be made "no later than thirty (30) days after inspection and verification by FaulknerUSA and Owner, payment by Owner to FaulknerUSA, and the satisfaction of all other conditions required for payment." Had the contract not included the condition-precedent clause and compensation for the assumption of the risk, we would find merit in Alaron's argument as the "no later than thirty days" clause resembles more of a covenant that modifies the time and manner of payment similar to that found in *Gulf*. However, the contract at issue in *Gulf* did not also specifically include a condition precedent clause for payment. The one before us does.

Because the provision is a condition precedent, whether the owner paid Faulkner such that Faulkner was obligated to pay Alaron was a material fact issue necessary to resolution of Alaron's suit on sworn account, breach of contract, and suit on payment bond. Logically, if the owner has not paid Faulkner, Alaron cannot succeed on its theories of liability. Here, Alaron presented no evidence, much less made any allegation, that the owner paid Faulkner, and Faulkner alleged, through the affidavit of Donna Jenkins, that the owner had not paid Faulkner.[1] Consequently, we conclude that the trial court erred by granting summary judgment in favor of Alaron.

---

[1] Alaron seemingly contends that we must infer that the trial court, by granting summary judgment in its favor, did not consider Jenkins' affidavit. Alaron did not object to Jenkins' affidavit, and there is nothing in the record to indicate that the trial court did not consider it. Alaron contends that Jenkins' affidavit is substantively defective. We need not address this contention as Faulkner did not move for summary judgment and we must take as true all evidence favorable to Faulkner, the nonmovant, indulging every reasonable inference and resolving any doubts in Faulkner's favor. *Valence*, 164 S.W.3d at 661; *Nixon*, 690 S.W.2d at 548-49. Therefore, even if we do not consider Jenkins' affidavit, nothing else in the record indicates that the owner paid Faulkner.

## CONCLUSION

Having sustained Faulkner's third issue, we reverse the trial court's judgment and remand for further proceedings.


GUADALUPE RIVERA, Justice

July 28, 2010

Before Chew, C.J., Rivera, J., and Larsen, J.
Larsen, J., sitting by assignment