COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



FAULKNERUSA, LP, FAULKNERUSA
GP, INC., AND SAFECO INSURANCE
COMPANY OF AMERICA,


 Appellants,


v.


ALARON SUPPLY COMPANY, INC.,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-09-00119-CV



Appeal from the


166th District Court


of Bexar County, Texas


(TC#2008-CI-12096)



O P I N I O N


 FaulknerUSA, L.P., FaulknerUSA GP, Inc. (Faulkner), and Safeco Insurance Company of
America (Safeco), appeal the trial court's summary judgment in favor of Alaron Supply Company,
Inc. (Alaron). We reverse.

BACKGROUND


 Faulkner, as general contractor, entered into three contracts with Alaron, as subcontractor,
to provide food service equipment, laundry service and equipment, and parking control system
service and equipment at the San Antonio Convention Center Hotel. The food contract was for
$2,306,000, the laundry contract was for $1,837,420, and the parking contract was for $349,037. 
Each contract required a 100 percent surety bond, which Safeco provided, and that 10 percent would
be withheld as retainage. Further, each contract contained the following provision:

 Condition Precedent to Payment by Owner to FaulknerUSA for the Subcontract
Work is a condition precedent to Subcontractor's payment by FaulknerUSA. 
Subcontractor is entitled to payment only for that portion of the Subcontract Work
for which FaulknerUSA has been paid by Owner. Subcontractor expressly assumes
the risk of nonpayment by Owner. The Subcontract Amount includes compensation
to Subcontractor for the assumption of this risk. This provision establishes a
condition precedent, and it shall not be construed merely as a Time of Payment
Clause.


 Later, Alaron sued Faulkner and Safeco for suit on sworn account, breach of contract, and
suit on payment bond. According to Alaron's first amended petition, it fully or substantially
performed under the three contracts and Faulkner and Safeco owed $790,577.74 for the services
rendered. After verified denials were filed, Alaron moved for summary judgment. Although
Faulkner and Safeco responded that Alaron's summary judgment motion should be denied, they did
not also move for summary judgment. The trial court granted summary judgment in favor of Alaron.

DISCUSSION Faulkner raises nine issues on appeal. The first contends that the trial court erred by failing
to sustain its objections to an affidavit attached to Alaron's motion for summary judgment, the
second alleges that the trial court failed to rule that an affidavit attached to Faulkner's response to
Alaron's motion for summary judgment was sufficient to raise a fact issue, the third asserts that
payment by the owner was a condition precedent to any payment to Alaron, the fourth contests
whether there was a question of fact as to whether payment of retainage was due, the fifth challenges
Alaron's sworn account pleadings, the sixth contends that Faulkner filed a proper sworn denial to
Alaron's suit on sworn account, the seventh alleges that timely notice of bond was not given, the
eighth asserts that Safeco was not subject to summary judgment, and the ninth contests whether
judgment was proper against Faulkner "GP." Finding merit in Faulkner's third issue, we need not
address the remaining claims. See Tex. R. App. P. 47.1 ("The court of appeals must hand down a
written opinion that is as brief as practicable but that addresses every issue raised and necessary to
final disposition of the appeal.").

Standard of Review Alaron moved for summary judgment on "traditional" grounds. Therefore, Alaron bore the
burden to show that there was no genuine issue of material fact and that it was entitled to judgment
as a matter of law. Tex. R. Civ. P. 166a(c). On appeal, we review Alaron's motion and the evidence
de novo, taking as true all evidence favorable to the nonmovant - Faulkner - and indulging every
reasonable inference and resolving any doubts in Faulkner's favor. Valence Operating Co. v.
Dorsett, 164 S.W.3d 656, 661 (Tex. 2005); Nixon v. Mr. Prop. Mgmt. Co., Inc., 690 S.W.2d 546,
548-49 (Tex. 1985).

 We further review de novo the construction of an unambiguous contract. MCI Tel. Corp. v.
Tex. Utils. Elec. Co., 995 S.W.2d 647, 650-51 (Tex. 1999). In so doing, our primary concern is the
true intentions of the parties as expressed in the instrument. Coker v. Coker, 650 S.W.2d 391, 393
(Tex. 1983). In determining the parties' intent, we examine the entire agreement and give effect to
all provisions such that none are rendered meaningless. Id. We further apply the pertinent rules of
construction, look to the plain meaning of the contract language, and enforce the contract as written. 
Vincent v. Bank of Am., N.A., 109 S.W.3d 856, 867 (Tex. App. - Dallas 2003, pet. denied).

Condition Precedent

 Condition precedents are events that must be performed before a right accrues to enforce a
contract. Hohenberg Bros. Co. v. George E. Gibbons & Co., 537 S.W.2d 1, 3 (Tex. 1976). No
particular words are necessary for the existence of a condition, but such terms as "if," "provided
that," "on condition that," or some other phrase that conditions performance, usually connote an
intent for a condition rather than a promise. Id.; Gulf Const. Co., Inc. v. Self, 676 S.W.2d 624, 627
(Tex. App. - Corpus Christi 1984, writ ref'd n.r.e.). As forfeitures are not favored, finding a
condition precedent should be avoided if another reasonable reading of the contract is possible. 
Criswell v. European Crossroads Shopping Ctr., Ltd., 792 S.W.2d 945, 948 (Tex. 1990); Schwarz-Jordan, Inc. of Houston v. Delisle Const. Co., 569 S.W.2d 878, 881 (Tex. 1978).

 The parties cite Gulf as controlling authority. In that case, the contract provided that:

 When the owner or his representative advances or pays the general contractor, the
general contractor shall be liable for and obligated to pay the sub-contractor up to the
amount or percentage recognized and approved for payment by the owner's
representative less the retainage required under the terms of the prime contract. 
Under no circumstances shall the general contractor be obligated or required to
advance or make payments to the sub-contractor until the funds have been advanced
or paid by the owner or his representative to the general contractor.


Gulf, 676 S.W.2d at 627. The provision was not labeled "condition precedent," nor did it contain
terms such as "if," "provide that," "on condition that," or some other phrase that would condition
performance. Id. After discussing the credit risk borne by the general contractor, that is, that the
owner may become insolvent, the court noted that "in order to transfer this normal credit risk . . .
from the general contractor to the subcontractor, the contract between the general contractor and the
subcontractor should contain an express condition clearly showing that to be the intention of the
parties." Id. at 628-29. Finding the provision did not, the court held that the provision was not a
condition precedent but rather a covenant that modified the time and manner of payment. Id. at 630
("We hold that the [clause] merely provides a covenant dealing with 'terms of payment' or 'manner
of payment' rather than a condition precedent."); see also Sheldon L. Pollack Corp. v. Falcon
Industries, Inc., 794 S.W.2d 380, 384 (Tex. App. - Corpus Christi 1990, writ denied) (construing
the following provision as a covenant that modified time and manner of payment: "Payment
Schedule: Contractor will pay subcontractor the sum of $2,352,000.00 in installments as follows:
lump sum of TWO MILLION THREE HUNDRED FIFTY-TWO THOUSAND AND NO/100
DOLLARS ($2,352,000.00) ninety percent on or about the 30th day of each month for work
incorporated or materials suitably stored as acceptable to owner and contractor and for which
payment has been made by owner or lender to contractor; ten percent to be paid following
completion of the subcontractor's work and acceptance by owner and release to contractor of
retainage.").

 Although we agree with Gulf that we should be hesitant to find a condition precedent in a
construction contract, we cannot turn a blind eye when, as here, the provision is an express condition
precedent. Unlike the contract in Gulf, the provision here expressly states that payment to Faulkner
by the owner was a "condition precedent" to payment to Alaron by Faulkner. The provision further
states that Alaron is only entitled to payment for that portion of subcontract work that Faulkner has
been paid for by the owner, and that Alaron "expressly assumes the risk of nonpayment by Owner." 
Finally, the provision concludes that "[t]his provision establishes a condition precedent, and it shall
not be construed merely as a Time of Payment Clause." Such express language cannot be interpreted
as a covenant that simply modifies the time and manner of payment, especially when the provision
uses the term "condition precedent" and contemplates compensation for the assumption of risk of
nonpayment until the owner pays Faulkner. We therefore conclude that the provision is an
enforceable, express condition precedent. See MidAmerica Const. Management, Inc. v. MasTec
North America, Inc., 436 F.3d 1257, 1262, 1265 (10th Cir. 2006) (finding provision "[u]pon final
acceptance of the Work by Contractor and Owner, Contractor will pay Subcontractor for the Work
at the prices and schedule and in the manner described on the Work Order(s); provided that, all
payments to Subcontractor by Contractor are expressly contingent upon and subject to receipt of
payment for the Work by Contractor from Owner, even if (a) Contractor has posted a payment bond
with Owner or (b) the Primary Contract is on a 'cost plus' or other reimbursement basis requiring
the Contractor to pay subcontractors prior to being reimbursed by Owner" was a condition precedent)
(emphasis added); Lakin Enterprises v. Sebastian, No. 05-08-00213-CV, 2009 WL 428491, at *4
(Tex. App. - Dallas Feb. 23, 2009, no pet.) (mem. op., not designated for publication) (finding
provision "[p]ayments are subject to the Contractor receiving payment from the Owner and is a
condition precedent to the Contractor's obligation or its Surety's obligation to pay Subcontractor,
its suppliers, labor, etc." was a condition precedent) (emphasis added).

 Alaron asserts that a reading of the entire contract does not support our finding that the above
provision is a condition precedent. Specifically, Alaron points to another provision in the contract,
which provides that final payment will be made "no later than thirty (30) days after inspection and
verification by FaulknerUSA and Owner, payment by Owner to FaulknerUSA, and the satisfaction
of all other conditions required for payment." Had the contract not included the condition-precedent
clause and compensation for the assumption of the risk, we would find merit in Alaron's argument
as the "no later than thirty days" clause resembles more of a covenant that modifies the time and
manner of payment similar to that found in Gulf. However, the contract at issue in Gulf did not also
specifically include a condition precedent clause for payment. The one before us does.

 Because the provision is a condition precedent, whether the owner paid Faulkner such that
Faulkner was obligated to pay Alaron was a material fact issue necessary to resolution of Alaron's
suit on sworn account, breach of contract, and suit on payment bond. Logically, if the owner has not
paid Faulkner, Alaron cannot succeed on its theories of liability. Here, Alaron presented no
evidence, much less made any allegation, that the owner paid Faulkner, and Faulkner alleged,
through the affidavit of Donna Jenkins, that the owner had not paid Faulkner. (1) Consequently, we
conclude that the trial court erred by granting summary judgment in favor of Alaron.

CONCLUSION

 Having sustained Faulkner's third issue, we reverse the trial court's judgment and remand
for further proceedings.


 GUADALUPE RIVERA, Justice


July 28, 2010


Before Chew, C.J., Rivera, J., and Larsen, J.

Larsen, J., sitting by assignment

1. Alaron seemingly contends that we must infer that the trial court, by granting summary judgment in its
favor, did not consider Jenkins' affidavit. Alaron did not object to Jenkins' affidavit, and there is nothing in the
record to indicate that the trial court did not consider it. Alaron contends that Jenkins' affidavit is substantively
defective. We need not address this contention as Faulkner did not move for summary judgment and we must take as
true all evidence favorable to Faulkner, the nonmovant, indulging every reasonable inference and resolving any
doubts in Faulkner's favor. Valence, 164 S.W.3d at 661; Nixon, 690 S.W.2d at 548-49. Therefore, even if we do
not consider Jenkins' affidavit, nothing else in the record indicates that the owner paid Faulkner.